STATE, RESPONDENT, v. BRODOCK, APPELLANT.

(No. 3,999.)

(Submitted April 16, 1917.   Decided April 23, 1917.)

[164 Pac. 658.]

*Criminal Law — Grand Larceny—Livestock—Hearsay Testimony — Harmless Error—Instructions—Settlement—Objection and Exception—Record—Verdict—When Conclusive.*

Grand Larceny—Hearsay Testimony—Harmless Error.
  1.   Erroneous admission in evidence of hearsay statements that defendant, charged with the theft of cattle, claimed ownership of them, *held* harmless where he asserted in defense that he owned the animals and undertook to establish such claim by his own testimony as well as by that of others.

Same—Settlement of Instructions—Review—Record on Appeal.
  2.   Under section 9271, Revised Codes, to entitle appellant in a criminal action to a review of an instruction given, the record must disclose that at the time of settlement of the instructions he made suitable objection and reserved an exception thereto.

Same—Conclusiveness of Verdict.
  3.   Where the evidence upon an issue in a criminal case is in conflict, the finding of the jury thereon, approved by the district court in denying a new trial, is conclusive, and the claim that the verdict is contrary to the evidence has no merit.

*Appeal from District Court, Meagher County; John A. Matthews, Judge.*

WILLIAM D. BRODOCK was convicted of larceny, and appeals from the judgment and an order denying him a new trial. Affirmed.

*Mr. W. F. O'Leary* and *Messrs. Carleton & Carleton,* for Appellant, submitted a brief; *Mr. O'Leary* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for the Respondent, submitted a brief; *Mr. Woody* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant, convicted of the crime of larceny of certain steers and heifers (grand larceny), has appealed from the judg-

ment of conviction and from an order denying his motion for a new trial. It is contended that the trial court committed prejudicial error in admitting one item of evidence, in submitting a paragraph of its charge to the jury, and in denying the motion for a new trial on the ground that the verdict is contrary to the evidence. The record presents no substantial basis for any of the contentions made.

1. The defendant was charged jointly with one Ducolon, but was awarded a separate trial. The vital issue in the evidence was whether the animals charged to have been stolen belonged to Maggie J. Jenkins, the prosecuting witness, or to the defendant. At the time of his arrest the defendant not being **[1]** present, Ducolon made statements to the witness Nagues, the sheriff, in answer to questions by him, to the effect that the defendant claimed the ownership of the animals. Nagues was permitted, over defendant's objection, to rehearse these statements to the jury. It is contended that this evidence was incompetent on the ground that it was hearsay, and that defendant was prejudiced by its admission. The ruling was erroneous, because the evidence was clearly hearsay. But its admission was not prejudicial, for the reason that, as already stated, the defense was that defendant was the owner of the animals, and that he undertook to establish this claim by his own testimony and that of his other witnesses. The ruling was thus rendered harmless.

2. Though it be conceded that the instruction criticised by **[2]** counsel was bad, it cannot, upon the record presented, be made the subject of complaint. Subdivision 4 of section 9271 of the Revised Codes requires the court to settle the instructions about to be submitted, without the presence of the jury, after permitting counsel a reasonable opportunity to examine them— not only those requested, but also those proposed by the court—and to make their objections and reserve their exceptions to the admission or rejection of any requested by counsel or proposed by the court. Counsel must then state the particular ground upon which an instruction is deemed erroneous, and the

judge must pass upon their objections then made, objecting counsel reserving his exception if the ruling is adverse to him. Notes of the proceeding must be taken by the stenographer, embodying all the objections and exceptions to the rulings of the judge in giving or refusing any instruction. At the close of the trial these notes must be extended and filed with the clerk. Thereafter the exceptions reserved may be embodied in a bill of exceptions. If this course is not pursued, the propriety of the giving or refusing of a particular instruction cannot be made a subject of inquiry either upon motion for a new trial or upon appeal. The express provision on the subject, at the close of subdivision 4, is: "No motion for new trial on the ground of errors in the instructions given shall be granted by the district court unless the error so assigned was specifically pointed out and excepted to at the settlement of the instructions, as herein provided; and no cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out and excepted to at the settlement of the instructions herein specified, and such error and exception incorporated in and settled in the bill of exceptions as herein provided." The record does not disclose the proceedings had at the time of settlement. It therefore does not appear but that counsel for defendant was satisfied with the instruction as given, and that the contention now made is an afterthought.

3. The evidence is in hopeless conflict, both as to the identity [3] and ownership of the animals and upon the question how they came to be in the possession of the defendant. The finding of the jury thereon, approved by the trial court in denying the motion for a new trial, is conclusive upon us. The contention that the verdict is contrary to the evidence must therefore be overruled.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.