STATE, RESPONDENT, *v.* WOODS ET AL., APPELLANTS.

(No. 4,026.)

(Submitted November 5, 1917.   Decided November 13, 1917.)

[169 Pac. 39.]

*Criminal Law—Larceny of Livestock—Circumstantial Evidence
—Venue—Corpus Delicti—Sufficiency.*

Larceny of Livestock—Circumstantial Evidence—Sufficiency.
1.  Under the rule that where a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis, evidence *held* sufficient to show the theft of certain cattle by defendants.

   [As to circumstantial evidence, see notes in 62 Am. Dec. 179; 97 Am. St. Rep. 771.]

Same—Venue—*Corpus Delicti*—Circumstantial Evidence.
2.  In cattle-stealing cases both the *corpus delicti* (the theft) and the venue may be established by circumstantial evidence.

*Appeal from District Court, Fallon County; Daniel S. O'Hern,
Judge.*

DENVER AND OSCAR WOODS were convicted of grand larceny, and appeal from the judgments of conviction, and from an order denying their motions for new trial.   Affirmed.

*Messrs. Loud & Leavitt* and *Mr. Joseph Hodson,* for Appellants, submitted a brief; *Mr. Wm. B. Leavitt* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Messrs. Booth & Dousman,* for the State, submitted a brief; *Mr. Woody* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendants were tried jointly and convicted of the crime of grand larceny, in the district court of Fallon county.   The

On necessity of proving *corpus delicti* in larceny, see notes in 68 L. R. A. 48, 54; 28 L. R. A. (n. s.) 536; L. R. A. 1916B, 846.

court pronounced separate judgments upon them, sentencing each of them to undergo a term of imprisonment in the state prison. They have appealed from the judgments and from an order denying their motion for a new trial. They challenge the integrity of the judgments upon the single ground that the verdict is contrary to the evidence: First, in that, taken as a whole, it does not disclose the commission of a larceny; and, second, that, though this be conceded, it does not disclose that the taking occurred in Fallon county.

The subject of the larceny is described in the information as three heifer and two bull calves of the Hereford breed not branded, of the value of $175, and the property of H. W. Sparks the prosecuting witness. They are alleged to have been feloniously taken from the possession of Sparks in Fallon county on or about August 14, 1916.

Sparks resides on section 34, township 9, north of range 60 east, in Fallon county, about four and one-half miles west of the boundary line between the state of Montana and the state of North Dakota. In August, 1916, he was the owner of cattle the accustomed range of which was to the south and east of his residence toward the Dakota line. Among them were five cows with the calves described in the information, which ranged on and near section 30 in fractional township 9, north of range 61 east, also in Fallon county. The watering place to which these cows with their calves usually resorted is a reservoir on North Cannonball Creek, in the northwest quarter of the last-named section, about two and one-half miles west of the state line. The defendants reside on a ranch in North Dakota, about two and one-half miles east of the state line. They were engaged in raising cattle and horses and in taking care of cattle for others for hire. On August 20 the calves in question were found by Sparks in the possession of the defendants on a ranch about a mile east of the village of Marmath, in North Dakota. This ranch lies about fifteen miles southeast from that of defendants and about eight miles on a direct line east of the state boundary line. At that time it was owned by one D. W. Doty, who re-

sides at St. Paul, Minnesota, but was in charge of Samuel Lemming, a cousin of the defendants.

That the animals in question belonged to the prosecuting witness and that he found them in the possession of the defendants [1] on the Doty ranch are facts not in dispute. There is much conflict, however, upon the question whether they were furtively taken from their mothers while they were on the range in Fallon county and driven to the place where they were found. On these points the evidence is entirely circumstantial. It will serve no useful purpose to set forth and subject to critical analysis even those portions of it which point most directly to defendants' guilt. It is sufficient to say that the conflicts in it were resolved by the jury in favor of the truth of the state's witnesses; and that, accepting these statements as true, we think the evidence as a whole sufficient to meet the requirements of the rule that, where a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis. (*State* v. *Allen,* 34 Mont. 403, 87 Pac. 177; *State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Chevigny,* 48 Mont. 382, 138 Pac. 257.)

It is competent in this class of cases to establish the *corpus* [2]  *delicti,* that is, the theft, and the venue, both by circumstantial evidence (*State* v. *Keeland,* 39 Mont. 506, 104 Pac. 513), provided only it meets the requirements of the rule laid down in the cases cited *supra.* As we have said, the evidence in this case meets these requirements, and hence, we think, the conviction should be upheld.

Each of the judgments and the order are therefore affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.