## STATE, Respondent, *v.* DUCOLON, Appellant.

### (No. 4,819.)

(Submitted September 12, 1921. Decided September 26, 1921.)

[201 Pac. 267.]

*Criminal Law—Receiving Stolen Property—Venue—Evidence —Insufficiency.*

Receiving Stolen Property—Venue—Proof Required.

1. In a prosecution for receiving stolen property, the state must prove the venue as laid in the information, by evidence which establishes the fact beyond a reasonable doubt.

Same—When Crime Complete and Venue Fixed.

2. When property is received with knowledge that it was stolen, and with the criminal intent defined by the statute, the crime is complete and the venue fixed.

---

1. Quantity of proof necessary to establish venue in criminal prosecution, see note in Ann. Cas. 1912B, 939.

2. What constitutes crime of receiving stolen property, see note in 26 Am. Dec. 261.

[60 Mont. 594.]

Same—Venue—*Corpus Delicti*—Circumstantial Evidence—When Sufficient.
　3. The venue as well as the *corpus delicti* in a prosecution for re-
　ceiving stolen property may be established by circumstantial evidence,
　provided the criminatory circumstances proved are consistent with
　each other and point so clearly to the guilt of the accused as to be
　inconsistent with any other rational hypothesis.

Same—Venue—Evidence—Insufficiency.
　4. In the absence of direct evidence showing that defendant, who
　was found in the possession of stolen cattle in a county other than
　the one in which he was charged with having received them, came
　into their possession in the county in which the venue was laid, and
　of circumstantial evidence sufficient to meet the requirements of the
　rule above (par. 3), the trial court was without jurisdiction to ren-
　der a judgment of conviction.

Criminal Law—Evidence—Preponderance Insufficient.
　5. In criminal law the doctrine of bare preponderance of evidence
　has no place.

*Appeals from District Court of Meagher County; E. H.
Goodman, Judge.*

ARTHUR DUCOLON, charged with knowingly receiving stolen
property, was convicted and appeals from the judgment and
from an order denying his motion for a new trial. Reversed
and remanded.

*Mr. M. F. Canning,* for Appellant, submitted a brief and
argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A.
Foot,* Assistant Attorney General, for Respondent, submitted
a brief; *Mr. Foot* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The defendant was convicted of the crime of receiving stolen
property knowing the same to have been stolen, and appealed
from the judgment and from an order denying his motion
for a new trial.

The principal contention made is that the evidence is insuffi-
cient to sustain the conviction. In 1916, Maggie J. Jenkins
owned the White Cabin ranch, in Meagher county, and owned

and kept on the ranch some seventy-six head of cattle, including ten unbranded yearlings. She employed W. D. Brodock to feed and care for these cattle from early in January to about April 8, 1916. Mrs. Jenkins lived with her husband on another ranch about four miles distant, and when, on March 13, she visited the White Cabin ranch, she observed that her cattle were then all present. About April 8 Brodock quit the employment and left the ranch. On April 13, when Mrs. Jenkins again visited her ranch, she discovered that some twenty of her cattle, including the ten yearlings, were missing. Investigation disclosed that the missing cattle had been driven through a gate in the inclosure where the cattle had been confined and taken away. The tracks were followed to the ranch of the defendant in Meagher county, where the surrounding· circumstances indicated that the cattle had been branded. The tracks were then followed to the Hole in the Rock ranch, in Cascade county, where these ten yearlings, each bearing a recent brand, were found on April 19, 1916, by the sheriff of Meagher county, his deputy and John W. Jenkins, the husband of the prosecuting witness. The defendant was there present also and, in response to an inquiry by the sheriff, claimed that he owned the ten yearlings in question. When he was thereafter immediately arrested, he apparently became confused or scared, and asserted that W. D. Brodock was interested in the cattle with him. When confronted by Jenkins, who up to that time had remained in the background, defendant disclaimed any ownership of or interest whatever in these yearlings. The Hole in the Rock ranch was owned by Oliver Brodock but was then under lease to W. D. Brodock, his son. So far as disclosed by the record, the Ducolon ranch was unoccupied. The defendant was at the Hole in the Rock ranch under some tentative arrangement with W. D. Brodock for a partnership but which did not materialize as the ranch was sold by its owner.

The foregoing is a fair summary of the evidence so far as it relates to the defendant's connection with the cattle in question. W. D. Brodock was charged with stealing the ten yearlings, was tried and convicted and the judgment affirmed by this court. (*State* v. *Brodock,* 53 Mont. 463, 164 Pac. 658.) [1, 2] The information before us charges that this defendant received or came into possession of these cattle in Meagher county, and it became incumbent upon the state to prove the venue, as thus laid, by evidence which established the fact beyond a reasonable doubt (*State* v. *Keeland,* 39 Mont. 506, 104 Pac. 513), for the rule is settled that when property is received with knowledge that it has been stolen and with the criminal intent defined by the statute, the crime is complete and the venue fixed. (*State* v. *Pray,* 30 Nev. 206, 94 Pac. 218.)

There is not any direct evidence that defendant received [3, 4] or came into possession of the cattle in Meagher county, or that he was in Meagher county at any time after March 13, when the cattle were present at the White Cabin ranch, until April 19, when he was returned there by the sheriff under arrest. It is true that in cases of this character the venue, and as well the *corpus deliciti,* may be established by circumstantial evidence, but the rule is settled in this jurisdiction that "where a conviction is sought upon circumstantial evidence, the criminatory circumstances proved must be consistent with each other and point so clearly to the guilt of the accused as to be inconsistent with any other rational hypothesis." (*State* v. *Woods,* 54 Mont. 193, 169 Pac. 39.) Whatever else may be said of the evidence before us, it fails to measure up to this standard.

In his brief, the attorney general suggests that the evidence is stronger in support of the contention that defendant received the cattle in Meagher county than that he received them in Cascade county. If this much be granted for the sake of argument, it does not aid the state's case. The fact that the

crime was committed in Meagher county must be established beyond a reasonable doubt, that is, by evidence which excludes [5] the idea that it was committed in Cascade county. The doctrine of bare preponderance of evidence has no place in the practice of criminal cases.

The other questions raised need not be considered, for, in the absence of evidence establishing the venue as laid in the information, the trial court was without jurisdiction to render this judgment.

The judgment and order are reversed and the cause is remanded to the district court of Meagher county for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSSOCIATE JUSTICES REYNOLDS and COOPER concur.

MR. JUSTICE GALEN, being absent, takes no part in the foregoing decision.