STATE, RESPONDENT, v. LEWIS, APPELLANT.

(No. 5,405.)

(Submitted February 15, 1924. Decided March 4, 1924.)

[223 Pac. 915.]

*Intoxicating Liquor—Unlawful Possession—Evidence—Insufficiency.*

Intoxicating Liquor—Unlawful Possession—Evidence—Suspicions and Conjectures Insufficient to Sustain Conviction.
1. Evidence in a prosecution for unlawfully possessing intoxicating liquor, *held* to do not more than create a suspicion, conjecture or probability of guilt, and therefore insufficient to sustain a conviction.
Same—Acceptance of Receipt for Liquor Seized Raises No Presumption of Guilt.
2. Acceptance by defendant of a receipt given him by the officer who seized his automobile, showing the taking of a number of bottles of liquor from his possession, which receipt was not offered in evidence nor its contents proven, *held* not to have raised a presumption of defendant's guilt.

*Appeal from District Court, Hill County; Charles R. Rose, Judge.*

(61)

MIKE LEWIS was convicted of unlawfully possessing intoxicating liquor and appeals. Reversed and remanded.

*Mr. Victor R. Griggs,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State, submitted a brief; *Mr. Ketter* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

By verdict of a jury in the district court of Hill county, rendered on the twenty-ninth day of September, 1923, the defendant in this action was found guilty of the crime of unlawfully possessing intoxicating liquor. From the judgment pronounced on this verdict and the order of the court overruling his motion for a new trial he has appealed.

The two specifications of error set out in appellant's brief present but a single question, *viz.:* Is the evidence sufficient to sustain the verdict? In brief, the testimony given at the trial was as follows:

R. C. Timmons, sheriff of Hill county, testified that on April [1] 26, 1923, he saw the defendant drive up between the courthouse and the county jail at Havre in a Dodge touring car, accompanied by Shanks, a deputy sheriff, and one Tracy Gee. The car and contents were in charge of the deputy sheriff Shanks, who was sitting in the back seat with Gee. In front of the back seat, covered up with a blanket and under Gee's feet, was a sack containing bottles. As the car stopped the sheriff pulled the sack out of the car and asked defendant whether it was "beer," to which defendant answered, "yes." Thereupon the sheriff gave defendant a receipt for beer and took the sack and contents into the basement of the jail and there discovered that the sack contained twenty-three bottles of whisky. Meantime the defendant, not having been placed under arrest, went away to his place of business and Shanks drove the car to a garage. After discovering that the bottles

inclosed in the sack contained whisky instead of beer, the sheriff went to the county attorney's office and had a receipt for the whisky made out, which he subsequently delivered to defendant. The defendant was arrested a few days after this transaction.

George Herron, a deputy sheriff, testified to substantially the same facts that had been related by the sheriff, except as to the delivery of the receipts, and in addition thereto told about a statement made by Shanks at some time, which witness did not remember, to the effect that he (Shanks) had "knocked the load over in the alley," and in explanation of this expression, in response to the question, "If you find a man transporting liquor and you arrest him and take his load, that is what you call knocking him over?" answered, "That is a common expression; yes."

Deputy sheriff Shanks was not present as a witness. It was shown, however, that the state had caused a subpoena to be issued for him, but the same was not served for the reason that his connection with the sheriff's office had been severed, and his whereabouts was unknown.

In addition to the foregoing it was shown that the Dodge car in which the liquor was found belonged to defendant's wife and that the events narrated transpired in Hill county. Thereupon the state rested its case. Defendant, by his counsel, moved the court for a directed verdict on the ground of the insufficiency of the evidence, which was denied.

The defendant introduced testimony in his own behalf, but it did not in any way tend to strengthen the state's case. One of the grounds of defendant's motion for a new trial was "that the verdict is contrary to the evidence."

An examination of the foregoing evidence convinces us that it does nothing more than create a suspicion that the defendant may have been guilty of the offense of which he was convicted. At the time defendant drove to the jail yard the car and its contents were in charge of the deputy sheriff. So far as the testimony discloses, the defendant had nothing to do with the transaction except to drive the car under directions of this

deputy. When and where the deputy "knocked the load over,"" or in whose possession it was at that time is not disclosed.

Counsel for the state argue that the acceptance by defendant of receipts for the liquor from the sheriff was an admission [2] that the liquor was his. The receipts were not offered in evidence, nor were their contents proven. The law makes no provision for the giving of such receipts, and the mere fact that the defendant accepted a paper designated as a receipt, the contents of which are not shown, raises no presumption that he was guilty of a criminal offense.

Defendant's answer to the sheriff that the sack contained beer, when in fact it contained whisky, is fully as compatible with a theory of innocence as of guilt. If defendant knew the contents of the sack, he would have nothing to gain by imparting misinformation to the sheriff when the proof of such attempted deception was in the immediate possession of the sheriff.

Viewing the whole testimony in the light most favorable to the state, the best that can be said of it is that it only creates a suspicion, conjecture or probability that the defendant may have been guilty of the offense charged. This court has repeatedly declared that a conviction in a criminal case cannot be "founded upon conjecture, however shrewd, nor upon probabilities, however strong." (*State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521; *State* v. *Taylor,* 51 Mont. 387, 153 Pac. 275; *State* v. *Sieff,* 54 Mont. 165, 168 Pac. 524; *State* v. *Postal Tel. etc. Co.,* 53 Mont. 104, 161 Pac. 953.)

Because the verdict was not sustained by the evidence, the judgment is reversed and the cause remanded to the district court of Hill county, with directions to grant the defendant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.