STATE, RESPONDENT, v. DALY, APPELLANT.

(No. 5,979.)

(Submitted October 25, 1926. Decided November 13, 1926.)

[250 Pac. 976.]

*Intoxicating Liquor—Hotels and Rooming-houses—Possession—
Presumptions—Evidence—Inconsistent Verdict — What Does
not Constitute.*

Intoxicating Liquor — Seizure of Liquor — Officer Giving Receipt to
Owner—Evidence—Admissibility.
1.  Evidence given by an officer that when he seized liquor found
on defendant's premises he gave to defendant, and the latter ac-
cepted, a receipt therefor, was admissible, not as creating a pre-
sumption of guilt against the latter, but as a circumstance to
which the jury might or might not give weight in determining
whether defendant was guilty of maintaining a common nuisance.

Same—Acquittal on Two Counts—Conviction on One—Alleged Incon-
sistency of Verdict—Evidence—Sufficiency.
2.  Defendant was charged in three counts, (a) with unlawfully
furnishing intoxicating liquor, (b) unlawful possession, and (c)
maintaining a common nuisance; he was acquitted as to the first
two counts and convicted on the third. *Held*, as against the con-
tention that the verdict was so inconsistent as to render it open
to the attack that the finding of guilty was not supported by the
evidence, that there was sufficient evidence to support the verdict
independently of that relating to the first two counts.

Same—When Verdict not Open to Charge of Inconsistency.
3.  Although its action in so doing may appear inconsistent, it is
permissible for a jury to convict on one count and to acquit on
the other, where it is also within its province to convict on both
counts on the same evidence.

Same—Trial—Instructions—Insufficient Objection.
4.  An objection to an instruction that the evidence did not war-
rant its giving was insufficient under subdivision 5 of section 9349,
Revised Codes of 1921, which requires the objecting party to spe-
cify particularly wherein the instruction was insufficient or did not
state the law.

Same—Finding of Liquor in Rooming-house—Possession of Liquor—
Presumption—Offered Instruction—Proper Refusal as Inapplicable
to Facts.
5.  Where, in a prosecution against a rooming-house keeper under
the prohibitory Act, officers found liquor in a locked closet which
was not being used by guests, an offered instruction that the mere
finding of liquor in a rooming-house is not sufficient evidence to
prove that the person in possession of the premises was also in

---

3.  See 27 R. C. L. 857.
4.  See 14 R. C. L. 809.

possession of the liquor was properly refused as inapplicable to the facts proved.

Same—Liquor Found in Rooming-house—Presumption of Possession in Owner of House—When Proper.
6. While a rooming-house keeper may not be held guilty where a roomer without his knowledge has possession of liquor in the room occupied by him, where the keeper of the house had possession of a locked closet, the rebuttable presumption follows that he also had possession of the liquor found therein.

---

[1] Intoxicating Liquors, 33 C. J., sec. 522, p. 770, n. 27, 29.
[2, 3] Criminal Law, 16 C. J., sec. 2595, p. 1107, n. 28; p. 1108, n. 33. Intoxicating Liquors, 33 C. J., sec. 522, p. 770, n. 17.
[4] Criminal Law, 17 C. J., sec. 3335, p. 69, n. 35.
[5, 6] Intoxicating Liquors, 33 C. J., sec. 479, p. 744, n. 16; sec. 547, p. 791, n. 49.

*Appeal from District Court, Custer County; S. D. McKinnon, Judge.*

JIM DALY was convicted of maintaining a common nuisance, and appeals from the judgment. Affirmed.

*Mr. C. A. Spaulding* and *Mr. Frank Hunter,* for Appellant, submitted a brief and argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot* and *Mr. Rudolph Nelstead,* County Attorney of Custer County, for the State, submitted a brief; *Mr. Nelstead* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The defendant was charged by information in three counts with the crimes of (1) delivering and furnishing intoxicating liquor, (2) possessing intoxicating liquor, and (3) maintaining a common nuisance based upon the allegation that he occupied, possessed and used certain premises for the unlawful possession, sale and other disposition of intoxicating liquor. Upon his trial the jury found him not guilty upon counts one and two and guilty upon count three. From judgment pronounced upon the verdict of guilty, he has appealed.

The specifications of error are, in effect: (1) That the search-warrant by which certain intoxicating liquors were introduced

in evidence is void; (2) that the court erred in receiving testimony relating to the acceptance of a receipt given by the sheriff to the defendant for intoxicating liquors; (3) that, the jury having found the defendant not guilty of furnishing and delivering intoxicating liquor, and also not guilty of unlawfully possessing intoxicating liquor, the evidence is insufficient to sustain a verdict of guilty upon the count charging the maintenance of a common nuisance; (4) that the court erred in giving an instruction with respect to common nuisance; and (5) that the court erred in failing to give an instruction requested by the defendant.

1. It would be useless to discuss the assignment of error respecting the vitality of the search-warrant. It is sufficient to say that we think there was a substantial compliance with the statute relating thereto.

2. While the sheriff was on the stand for the state he [1] testified that he found liquor in a room upon the premises controlled by defendant and his partner, one McCue. The county attorney asked: "Who accepted the receipt for the intoxicating liquor which you took from the premises?" The question was objected to as calling for incompetent testimony. The objection was overruled and the witness said, "Mr. Daly." Upon cross-examination, defendant's counsel asked: "You extended this receipt to Mr. Daly? A. Yes, sir. Q. And he accepted the receipt from you? A. Yes, sir." Counsel for defendant then moved to strike out the testimony, whereupon the court inquired: "Did he make any statement to you that he was not in possession of these premises? A. No, sir. Q. Did he make any statement to you when he took this receipt? A. No, sir. By the Court: The court is going to let that go to the jury."

The court instructed the jury: "The jury are instructed that the mere fact, if you find it to be a fact, that the defendant accepted a paper designated as a receipt for any articles obtained by the officers in the Kline Block, that the same raises no presumption that the defendant is guilty of a criminal offense, but you are further instructed that you may consider this

testimony, together with all the other testimony in the case, in determining the guilt or innocence of the defendant.''

Counsel for defendant insist that in view of what we said in *State* v. *Lewis,* 70 Mont. 61, 223 Pac. 915, admission of the receipt in evidence was error, which was emphasized by the instruction recited above. In the *Lewis Case* it is said: ''Counsel for the state argue that the acceptance by defendant of receipts for the liquor from the sheriff was an admission that the liquor was his. The receipts were not offered in evidence, nor were their contents proven. The law makes no provision for the giving of such receipts and the mere fact that the defendant accepted a paper designated as a receipt, the contents of which are not shown, raises no presumption that he was guilty of a criminal offense.''

The sheriff gave the receipt to the defendant contemporaneously with the seizure, and while the law did not require him to give a receipt there appears to be no reason why he should not if he chose to do so. If he has done so, we do not see any reason why he should not testify to the fact. Acceptance of the receipt by the defendant in itself does not create any presumption against him: ''Presumption is a deduction which the law expressly directs to be made from particular facts'' (sec. 10602, Rev. Codes 1921), but it is a circumstance to which the jury may or may not give weight. There are many facts and circumstances, which fall far short of the dignity of a presumption which are admissible in a criminal case as tending to throw light upon the issue under inquiry. The court did not err either in receiving the evidence or giving the instruction.

3. In count one defendant was accused of unlawfully delivering and furnishing intoxicating liquors on or about the 23d of February, 1926; in count two of unlawfully possessing intoxicating liquors on or about the 28th of February, 1926; in count three of maintaining a common nuisance on or about the 28th of February, 1926, and for some time prior thereto, the exact length of time being unknown to the county attorney.

A witness for the state testified to numerous occasions upon which defendant served liquor to guests within that portion of the Kline Block possessed by defendant and his partner, the first of which was upon January 17, 1926. "You could have beer or whisky, either one you ordered," the witness said. In answer to the question, "Did you ever see any beer in the Kline Block?" the witness answered: "Yes, lots of it, bottles, cases of it. First, it was kept at the room at the head of the stairs, and then they moved it into another room in the northwest corner of the building, and they also kept it in the wash basin in the toilet room to keep it cool; as many bottles as the basin would hold." Moonshine whisky and beer were served. Liquor was furnished to women, also.

At the conclusion of the state's case the county attorney was permitted to amend count one of the information by changing the date of the commission of the crime charged from February 28 to January 17, 1926. The jury found the defendant not guilty upon this count, as well as upon the one charging defendant with possessing intoxicating liquor, and it is urged that the verdict finding him guilty upon the third is therefore necessarily inconsistent with acquittal upon the others. The apparent inconsistency may be explained by saying that, in the mind of the jury the state did not prove defendant guilty of delivering and furnishing liquor upon January 17 or of possessing liquor upon February 28, but did satisfy the jury's mind that defendant and his partner did use their premises for the unlawful possession, sale and other disposition of intoxicating liquors between those dates. (*John Hohenadel Brewing Co.* v. *United States* (C. C. A.), 295 Fed. 489.)

But suppose the verdict of guilty is inconsistent with the other two. That situation has confronted the courts frequently. Upon similar facts, the circuit court of appeals of the seventh circuit held that: "A verdict that is apparently inconsistent affords no basis for a reversal of a judgment predicated thereon, when the evidence is sufficient to support either of two separate offenses." (*Carrignan* v. *United States,* 290 Fed. 189.) And the circuit court of appeals of the second circuit said:

"It may appear inconsistent to have found the plaintiff in error guilty of maintaining a common nuisance and not to have found him guilty of possessing intoxicating liquor in violation of the Act. However, we are not called upon to justify the conclusions the jury reached for the acquittal on the count of possession. It is sufficient for our determination to say that the evidence which was adduced on the trial, if believed, justified the conclusion of a violation of the Act in respect to the provision making it a crime to maintain a common nuisance. (*Boone* v. *United States,* 257 Fed. 963, 169 C. C. A. 113.) It is permissible for a jury to convict on one count and to acquit on the other, where it was also within their province to convict on both counts on the same evidence." (*Marshallo* v. *United States,* 298 Fed. 74.)

In *State* v. *Brown,* 114 Kan. 699, 220 Pac. 174, Mr. Justice Burch summed up a somewhat similar situation by saying: "Concede, however, that, under the evidence in the case, maintaining the place necessarily involved manufacture and possession of the liquor, the jury, on ample evidence, has found the appellants guilty beyond a reasonable doubt of assisting in keeping the place, and the jury must make its own peace with conscience." (And, see *State* v. *Hund,* 115 Kan. 475, 222 Pac. 766; *Dallas* v. *United States* (C. C. A.), 4 Fed. (2d) 201; *Scribner* v. *United States* (C. C. A.), 2 Fed. (2d) 144; *Panzich* v. *United States* (C. C. A.) 285 Fed. 871.)

4. A serious obstacle to the validity of the conviction would [4] be presented if we were permitted to consider the effect of instruction No. 8. This we cannot do, for subdivision 5 of section 9349, Revised Codes of 1921, declares, in part, that upon the settlement of the instructions counsel shall specify "the particular ground on which the instruction is objected or excepted to, and it shall not be sufficient, in stating the ground of such objection or exception, to state generally that the instruction does not state the law, or is against law, but such ground of objection or exception shall specify particularly wherein the instruction is insufficient, or does not state the law, or what particular clause therein is objected to. * * * "

The objection lodged was as follows: "Mr. Hunter: We object to plaintiff's offered instruction No. 2 on the ground that there is no evidence in this case sufficient to warrant the giving of any such instruction." The instruction relates to the *quantum* of evidence required to constitute the crime of maintaining a common nuisance. The evidence warranted an instruction upon the subject. The objection did not specify particularly wherein the instruction is insufficient or does not state the law. "And no cause shall be reversed by the supreme court for any error in instructions which was not specifically pointed out and excepted to at the settlement of the instructions. * * * " (Sec. 9349, subd. 5, *supra; State* v. *Newman,* 66 Mont. 180, 213 Pac. 805; *State* v. *Brodock,* 53 Mont. 463, 164 Pac. 658.)

5. It is insisted the court erred in not giving the following [5, 6] instruction, as requested by the defendant: "You are instructed that the mere finding of intoxicating liquors, in a rooming or boarding house, by virtue of a search warrant, is not sufficient evidence to prove that the person in possession of the building or premises, where the alleged liquors were found, was also in possession of such liquors."

If for present purposes the correctness of the instruction as an abstract statement be conceded, the court was justified in refusing it on the ground that it was not applicable to the facts proved. Let it be admitted that the keeper of a rooming or boarding house may not be held guilty if a guest without the keeper's knowledge has possession of intoxicating liquor in a room occupied by the guest. The sheriff testified he found a portion of the liquor in a small room or large closet—a room about six feet square—near the head of the stairs. At the sheriff's request the defendant unlocked the door to the room. There is no intimation that this was a guest-room. The defendant and his partner admittedly were the proprietors of the rooming-house and legally were in possession of such rooms as were not occupied by their guests. The defendant being in possession of the "small room or large closet" the legal, though rebuttable, presumption follows that he was in posses-

sion of the liquor. (*State* v. *Jacobson, ante,* p. 57, 249 Pac. 571.) As the instruction was directed only to the liquor found pursuant to the search-warrant, and as the jury found the defendant not guilty of possessing intoxicating liquor, the discussion upon this phase of the case may seem a waste of effort.

It follows that the judgment of conviction based upon the third count should be and is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES STARK and MATTHEWS concur; JUSTICES HOLLOWAY and GALEN not sitting.