STATE, Respondent, *v.* SIM, Appellant.

(No. 7,022.)

(Submitted October 14, 1932.   Decided November 15, 1932.)

[16 Pac. (2d) 411.]

*Messrs. Speer & Hoffman,* for Appellant, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. T. H. MacDonald,* for the State, submitted a brief; *Mr. MacDonald* argued the cause orally.

544

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The defendant was accused by information of receiving stolen property for his own gain, knowing it to have been stolen. He pleaded not guilty, went to trial, was found guilty, and, pursuant to the verdict of the jury, was sentenced to imprisonment in the county jail for 30 days. Thereupon he caused a bill of exceptions to be settled and appealed from the judgment.

The only assignment of error is: "There is no evidence that appellant knew the property was stolen when he received it and any presumption is overcome by the facts and circumstances shown."

The property alleged to have been stolen and received by the defendant consisted of two International truck radiators, two International tractor radiator cores, one alemite Zerk grease gun, one fishing reel, about 18 feet of ⅜-inch copper tubing, and about 20 feet of 5/16-inch copper tubing.

The property was stolen from Alfred Klein by his 18 year old son, Bernard Klein, who sold it to the defendant. The only disputed question upon the trial was, Did the defendant buy it knowing it to be stolen?

Alfred Klein kept a hardware and implement store in the Jacobsen building, which faces on Main Street, in Cut Bank, Glacier county, Montana. The defendant operated a garage on the opposite side of the same street, not far from Klein's place of business. Klein, as a part of his business, sold International trucks and repairs for trucks and tractors. He also maintained a repair-shop situated in the same block as is the store but not on the same street. The shop faces on Broadway

Street. Bernard, his son, worked for him occasionally, receiving as wages "board and room and clothes and spending money." At different times during February or March, 1932, Bernard, without authority from his father, took articles from the shop which he sold to defendant, who had known him since he was a small boy. About the middle of February, the boy testified, he delivered to defendant at the latter's garage two International truck radiators and two radiator cores. Defendant gave him 25 cents apiece for the articles. Later Bernard took from his father's shop two coils of copper tubing, which he pledged to defendant for a loan of money which he was to repay within two weeks. The time passed and he did not repay. The boy also delivered to defendant a fishing reel and one, if not two, Zerk alemite grease guns.

Alfred Klein, in giving testimony as to the value of the radiators, estimated their worth at $10, but this estimate was shaken upon cross-examination. The cores, he thought worth 50 cents or a dollar each. Defendant said he regarded the radiators as junk, and he was in the habit of paying 25 cents apiece for them, depending on the size of the radiators. He had loaned the boy $1.50 on the copper tubing. Alfred Klein testified that he asked the defendant if he got some radiators and copper tubing from the boy, and defendant said "No."

It appears that in 1930 Klein had warned defendant to refrain from buying stuff from the boy. In 1931 the boy had pledged a suit of his own clothes to defendant as security for a loan of $6.50. After some haggling between defendant and himself over the matter Klein, the father, had promised in writing to pay this amount to defendant, but he had not done so when the trial was held. ·

The sheriff testified that, acting under a search-warrant, he, with Alfred Klein, had found copper tubing "and a grease gun that Mr. Klein identified, then a fishing reel and two tractor radiator cores, and two International truck cores" in defendant's garage. Defendant said he had "asked the kid if they were stolen and the kid said no," to which the sheriff

replied, "Nobody is going to tell you if they were stolen or not."

The governing statute is section 11388, Revised Codes 1921, ▉ as amended (Laws 1931, Chap. 30, p. 77), of which we quote a part, which, for convenience, we divide into paragraphs (a) and (b): (a) "Every person who for his own gain or to prevent the owner from again possessing his own property buys or receives any personal property, knowing the same to have been stolen, is punishable by imprisonment in the state prison not exceeding five (5) years or in a county jail not exceeding six (6) months; (b) and it is presumptive evidence that such property was stolen if the same consists of jewelry, silver or plated ware or articles of personal ornaments, brass, bronze or copper fixtures, fittings or parts of machinery, or electrical supplies, or what is commonly termed junk, if purchased or received from a person under the age of twenty-one (21) years unless said property is sold by said minor at a fixed place of business carried on by said minor or his employer."

In order to make out the substantive offense defined in this statute, the "evidence must establish (1) that the property in question was stolen; (2) that the defendant bought it or received it knowing it to have been stolen; and (3) that he did so for his own gain or to prevent the owner from regaining possession of it." (*State* v. *Moxley,* 41 Mont. 402, 110 Pac. 83, 85.)

If the prosecution relates to property comprehended in paragraph (a), but not in paragraph (b), of the statute, the essential facts may be proved by direct or circumstantial evidence. (*State* v. *Ducolon,* 60 Mont. 594, 201 Pac. 267.) This is true, of course, with respect to property comprehended in paragraph (b), but here the burden on the state is lightened; it is presumptive evidence that the property was stolen if bought or received from a minor unless at a fixed place of business carried on by the minor or his employer.

A presumption is a deduction which the law expressly directs to be made from particular facts (sec. 10602, Rev. Codes

1921), and a presumption, unless declared by law to be conclusive, may be controverted by other evidence, direct or indirect; but unless so controverted, the jury are bound to find according to the presumption (sec. 10604, Id.). The presumption, in effect declared by section 11388, is a disputable one. (Secs. 10605, 10606, Id.)

The intended scope of the phrase "presumptive evidence" ▮ has given us some concern. If the state shows that a defendant has bought or received personal property such as is mentioned in paragraph (b) from a minor other than at a fixed place of business carried on by the minor or his employer, it has shown, prima facie, that the property was stolen (*State* v. *Nielsen,* 57 Mont. 137, 187. Pac. 639; *State* v. *Colbert,* 58 Mont. 584, 194 Pac. 145); is it also to be presumed that the defendant bought or received the property knowing it to be stolen? We are constrained to answer the question in the affirmative.

The law applies to the person purchasing the property at the time of purchase as well as upon his trial.

The purpose of the statute is to interdict the disposition of personal property, of the character described, by minors in an irregular way, and to place a burden upon those who purchase or receive it under the prohibited circumstances. When a man purchases or receives any of the things mentioned in the statute from a minor at a place other than at a fixed place of business carried on by the minor, or the minor's employer, by the very terms of the statute he is bound to know that presumptively the thing has been stolen; the law says the thing is presumed to have been stolen and he is bound to know the law; knowing it he will not be heard to say he did not know the thing presumptively was stolen.

The statute is drastic, but we may not shirk our duty because of that. It is our duty to enforce the statute agreeably to its purpose. It was incumbent upon the defendant to overcome the statutory presumption against him; in order to escape conviction he had the burden of creating in the minds of the jury at least a reasonable doubt in his favor. This he did

not do. However, regardless of the statutory presumption, we cannot say that, upon the evidence adduced, the circumstances considered, the jury would not have been justified in concluding that the defendant knew when he purchased the articles that the boy had stolen them.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN and MATTHEWS and HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, concur.