STATE, RESPONDENT, *v.* HUDSON, APPELLANT.

[Argued January 26, 1893.   Decided February 27, 1893.]

CRIMINAL LAW — *Uttering void instrument — Venue.* — In a prosecution for utter-ing a forged instrument which was mailed in one county and received in another, the venue is in the county where the letter containing the forged instrument was received and not in the county where it was mailed.

SAME — *Same — Jurisdiction.* — The mailing of the instrument is not an act requisite to the consummation of the offense of uttering a forged instrument, there being no uttering in such case until the receipt the letter, and therefore the above rule is not changed by section 32 of the Criminal Practice Act, providing that when a crime has been committed partly in one county and partly in another, or the acts or effects constituting or requisite to the consummation of the offense occur in two or more counties the jurisdiction is in either.

*Appeal from Ninth Judicial District, Gallatin County.*

Conviction for uttering a forged instrument. Defendant was tried before ARMSTRONG, J. Reversed.

Statement of facts prepared by the judge delivering the opinion.

This is an appeal by the defendant from a judgment upon a conviction for uttering, publishing, and passing an alleged forged instrument. The opinion below treats but one of the several points made by appellant, which may be stated as fol-lows: Information was filed in Gallatin county, charging the offense of uttering, publishing, and passing the forged instru-ment in Gallatin county. The proof was that the defendant deposited the alleged forged instrument in the United States mail at Three Forks, a postoffice in Gallatin county, directed to the city of Butte, a postoffice in Silver Bow county, to the

Singer Manufacturing Company, the party alleged to be intended to be defrauded by the defendant. The Singer Manufacturing Company, to whom the forged instrument was so sent, received the same at Butte, in Silver Bow county. This was the only testimony as to venue—as to the place where the defendant uttered, published, and passed the instrument. The court instructed the jury, on the matter of venue, that if the state has shown that the defendant mailed the instrument in Gallatin county, state of Montana, addressed to the Singer Manufacturing Company, at the city of Butte, Montana, with the intent, etc., and that the defendant knew the instrument to be false and fictitious, and that the Singer Manufacturing Company received the instrument in the course of mail, that was sufficient. The question now upon the appeal is whether the facts of a mailing of the forged instrument by defendant in Gallatin county, and the due receipt of the same by the Singer Manufacturing Company in Silver Bow county, constituted an uttering, publishing, and passing in Gallatin county. If yes, the venue was proved; if no the venue was not proved, and the judgment must be reversed.

*E. P. Cadwell,* for Appellant.

*Henri J. Haskell,* Attorney-General, and *H. C. Cockrill,* for the state, Respondent.

DE WITT, J. — The precise question presented here was thoroughly considered in New York in the case of *People* v. *Rathbun,* 21 Wend. 509. Mr. Justice Cowen wrote an exhaustive opinion, both upon the reason of the proposition, and upon the authority of the decided cases. The case is a standard citation in the text-books. (3 Greenleaf on Evidence, § 112; Wharton's Criminal Law, § 1451; 2 Bishop's Criminal Procedure, § 428.) In a later case in New York (*People* v. *Adams,* 3 Denio, 209; 45 Am. Dec. 468), the opinion of the court, after speaking of the principle decided in 21 Wend., and after citing other cases went on to remark: "And to the same effect are the views of the late Mr. Justice Cowen, as expressed in *Rathbun's Case.* And the principle is too reasonable and just of itself, and too

well sustained by adjudged cases, to admit, in my judgment, of any serious doubt." It was held in the Rathbun case that the venue was in the county where the letter containing the forged instrument was received, and not in the county where it was mailed. Upon that theory the venue in the case at bar should be in Silver Bow county, and not in Gallatin county. We are wholly satisfied with Justice Cowen's views, and nothing new occurs to us which would add to the weight of his reasoning or conclusion. The venue was not, therefore, proved in Gallatin county; and the judgment must be reversed, unless our statute has worked a change in the principle announced in the Rathbun case. The Rathbun case discussed the doctrine of an offense being committed partly in one county and partly in another, and concluded that the offense was committed wholly in the county where the letter was received.

Our statute provides as follows: "When a crime has been committed partly in one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county, and the court in which the prosecution shall have been first commenced shall have precedence." (Crim. Prac. Act, § 32.) But in the case at bar the crime was not partly committed in Gallatin county. The uttering was the offense. There was no uttering until the receipt of the letter in Silver Bow county. The mailing, as above observed, was not the uttering. Had the letter been cut off in its passage from Gallatin to Silver Bow county, or had it been destroyed, or never received, there would have been no uttering at any place; nor were the acts or effects constituting the offense committed in Gallatin county. That which constitutes the offense was the uttering. If nothing had occurred other than that which occurred in Gallatin county—this is, if nothing had occurred further than the mailing of the letter in Gallatin county—there would have been no uttering, and no offense; nor were the acts or effects requisite to the consummation of the offense committed in Gallatin county. It was not requisite to the consummation of the offense that the letter should be mailed in Gallatin county, or elsewhere. The forged instrument could have gone to the Singer Manufacturing Company by any vehicle other than the

mail. The defendant could have handed it to the Singer Manufacturing Company in person. It may be said that, under the facts in this case, there would have been no uttering —that is to say, the instrument would not have reached the Singer Manufacturing Company, and so be uttered or published —unless it had been put into the mail, and that, therefore, such depositing in the mail was an act requisite to the consummation of the offense. But on the same line of suggestion it can be said that if a person, having determined to murder, starts from Gallatin county, and travels to Silver Bow county, and there accomplishes the crime of murder, if he had not started from Gallatin county he would not have committed the crime in Silver Bow county, and his so starting from Gallatin county was an act requisite to the consummation of the offense. But it would not be contended that the venue for such crime of murder could be laid in Gallatin county. Again, a murderer might buy his pistol in Gallatin county, then go to Silver Bow county, and commit the offense. It then could be said, on the same line of suggestion, that if he had not bought the pistol in Gallatin county the offense would not have been committed, and that, therefore, the buying of the pistol was an act requisite to the consummation of the offense. Illustrations of this nature might be multiplied. Such acts as mailing the letter or buying the pistol, or a murderer traveling through Gallatin county to Silver Bow county, would be, in those particular cases, preliminary to the commission of the offense, and acts without which, in the particular case, the offense would not be committed, but they were not acts requisite to the consummation of the offense. If such acts were construed to be those requisite to the consummation of the offense, there are but few crimes the venue of which could not be construed to be in counties other than the actual county where the offense was committed. We are therefore of opinion, in the case at bar, that the venue of the offense, if any offense were committed, was in Silver Bow county, and that the statute (Crim. Prac. Act, § 32) does not change the principles as announced in the Rathbun case, and generally followed since the promulgation of that decision.

The judgment is reversed; and it appearing that defendant cannot be convicted in said county on the charge of uttering

said instrument in that jurisdiction, it is therefore further ordered that a *nolle prosequi* be entered, and that the court below cause defendant to be discharged from imprisonment on said conviction.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.