No. 13314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———————————

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

     -vs-

FRANK PREITE,

                    Defendant and Appellant.

———————————

Appeal from:  District Court of the Twelfth Judicial District,
             Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith, Emmons, Baillie and Walsh, Great Falls, Montana
        Robert J. Emmons argued, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely Attorney General, appeared, Helena,
         Montana
        Robert F. Keller, Special Assistant Attorney General,
        argued, Helena, Montana

———————————

                  Submitted:  February 9, 1977

                  Decided: MAY 11 1977

Filed: MAY 11 197

_____ Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant Frank Preite was convicted of the crimes of grand larceny and grand larceny by bailee in a Workmen's Compensation prosecution in the district court of Hill County. From the judgment of conviction entered on the jury verdict, defendant appeals.

The tortuous path of this prosecution is necessary to an understanding of this appeal.

On July 31, 1974 defendant was originally charged in the district court of Deer Lodge County with four crimes arising out of workmen's compensation settlements handled by John L. McKeon. The information specifically charged these crimes:

(1) Aiding and abetting McKeon in the crime of grand larceny involving the settlement proceeds of the Howard E. Smith claim;

(2) Aiding and abetting John L. McKeon in the crime of grand larceny by bailee in connection with the settlement proceeds of the William Madden claim;

(3) Aiding and abetting John L. McKeon in the crime of grand larceny by trick involving the settlement proceeds of the Harold Phelps claim and;

(4) Forgery of a workmen's compensation settlement draft.

On September 9, 1974 defendant filed motions to dismiss the information on the ground of insufficiency of the prosecutor's affidavit to show probable cause for filing the information.

On October 4, 1974 the Deer Lodge County information was dismissed on motion by the State. On the same day a second information was filed in the district court of Hill County charging defendant with 20 crimes. These crimes included the four crimes originally charged in the Deer Lodge County information. Between October 4, 1974 and February 24, 1975 defense counsel filed over 100 motions in connection with the Hill County charges

hich were extensively briefed and argued by both parties. The
Hill County district court granted 22 of the defendant's motions,
denied 75, and 4 were withdrawn. The net result was dismissal
of five counts in the Hill County information.

On February 28, 1975 a third information was filed.
This information charged 15 crimes. Defendant responded with
a battery of 82 motions and a supporting brief. The State did
not file an opposing brief, but instead filed a fourth informa-
tion charging defendant with 8 crimes, including the 4 originally
charged in the Deer Lodge County information with material changes
in one of the charges.

Defendant again filed a series of motions which included
a motion for change of venue and a motion for severance of the
counts charging the crimes. The district court of Hill County
entered an order changing the venue of 5 of the 8 counts to other
district courts outside Hill County. Eventually all 5 of the
transferred counts were dismissed by the other district courts.

The remaining 3 counts in the district court of Hill
County charged defendant with the following crimes:

(1) Aiding and abetting John L. McKeon in the crime of
grand larceny involving the settlement proceeds of the Howard
E. Smith claim;

(2) Aiding and abetting John L. McKeon in the crime of
grand larceny by bailee in connection with the settlement proceeds
of the William Madden claim; and

(3) Aiding and abetting John L. McKeon in the crime of
grand larceny by trick involving the settlement proceeds of the
Harold Phelps claim. All three crimes were originally charged
in the first information filed in the district court of Deer Lodge
County.

Trial was held on these three charges in the district

court of Hill County commencing October 6, 1975. The jury found defendant guilty of all 3 charges. On motion of defendant, the guilty verdict on the charge involving the William Madden claim was set aside on the ground of insufficiency of evidence to support conviction of that charge. Judgment of conviction was entered on the jury verdict covering the remaining two charges, viz (1) grand larceny involving the settlement proceeds of the Howard E. Smith claim, and (2) grand larceny by trick involving the settlement proceeds of the Harold Phelps claim. Defendant appeals from the judgment of conviction of these two crimes.

Defendant's specifications of error include 9 assertions of error directed at his conviction of grand larceny involving the Smith claim; 15 asserted errors directed at his conviction of grand larceny by trick involving the Phelps claim; and 20 asserted errors going to the case as a whole. The principal specifications of error are directed at the district court's denial of a change of venue, admission in evidence of an alleged taped "confession", denial of severance of the charges, denial of a speedy trial, sufficiency of the evidence to support the convictions, and errors in instructing the jury.

We first direct our attention to the venue issue. The applicable constitutional provisions state:

> "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial <u>jury of the state and district wherein the crime shall have been committed</u> * * *." (Emphasis supplied.) Sixth Amendment, United States Constitution.

> "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial <u>jury of the county or district in which the offense is alleged to have been committed</u> * * *." (Emphasis supplied.) Art. II, Section 24, 1972 Constitution of Montana.

Montana statutes implementing these constitutional venue requirements provide:

"In all criminal prosecutions the trial shall be
in the county where the offense was committed
unless otherwise provided by law. * * *"  Section
95-401, R.C.M. 1947.

"Where two (2) or more acts are requisite to the
commission of any offense, the trial may be had
in any county in which any of such acts occur."
Section 95-402, R.C.M. 1947.

Additional implementing statutes specifically directed

at the crimes here involved provide:

"Where a person in one county commits, aids, abets,
or procures the commission of an offense in another
county the offender may be tried in either county."
Section 95-404, R.C.M. 1947.

"Where a person obtains property by larceny, robbery,
false pretenses or embezzlement, he may be tried in
any county in which he exerted control over such
property."  Section 95-408, R.C.M. 1947.

"An * * * information against any accessory to any
felony may be found in any county where the offense
of such accessory may have been committed * * *."
Section 94-6424, R.C.M. 1947.

In this case defendant was convicted of two crimes.  One

crime was grand larceny in violation of section 94-2701(2),

R.C.M. 1947.  Essentially it charges defendant with aiding and

abetting McKeon in stealing Smith's settlement warrant covering

his workmen's compensation claim.  The second crime was grand

larceny by trick in violation of section 94-2701(1), R.C.M. 1947.

Essentially it charges defendant with aiding and abetting McKeon

in stealing the State's money by submitting false documents

whereby a settlement of Phelps' claim was secured without his

knowledge and consent.

The supporting affidavit of the special prosecutor to

show probable cause for the filing of the original information

in the district court of Deer Lodge County flatly states that

these crimes were committed in Deer Lodge County.  Subsequently

the State attested that it had discovered additional information

authorizing the subsequent filing of the charges in Hill County,

yet the State's supporting affidavit filed in Hill County discloses

- 5 -

no such later facts. Thus the original information and original affidavit constitute clear declarations against the State's present claim that venue is properly laid in Hill County.

However, the substantial error is found in the State's failure to prove venue at the trial. Venue, although not an element of the crime, is a jurisdictional fact that must be proved at the trial the same as any other material fact in a criminal prosecution. State v. Campbell, 160 Mont. 111, 500 P.2d 801; State v. Williams, 122 Mont. 279, 202 P.2d 245.

In determining the place where the crime has been committed within constitutional venue requirements, the rule has been stated in this language in 22 C.J.S. Criminal Law § 176, p. 434:

> "The constitution contemplates actual and not constructive venue, it being essential that the crime itself, or some element thereof, shall actually have taken place in the county where venue is laid. * * *"

Or stated another way, the general rule in 22 C.J.S. Criminal Law § 174, p. 431 provides:

> "The place where the crime is committed is determined by the acts of accused that violate the statute. * * *"

The Montana Criminal Law Commission, in its comments to section 95-402, dealing with venue where the defendant is charged with aiding and abetting the commission of a criminal offense, had this to say:

> "This provision allows the trial to take place in the most convenient county <u>where an element of the offense occurred</u>. It does <u>not matter if the final consummation of</u> the offense occurred in another county. <u>The only elements of the crime which are of interest are those acts constituting or requisite to the consummation of the offense</u> * * *. (Emphasis supplied.)

Under statutes providing that where a crime is committed partly in one county and partly in another, the accused may be tried in either, the statute requires that some acts material

and essential to the crime and requisite to its consummation occur in each county before the provisions of the statute become applicable. State v. Smith, 57 Mont. 563, 190 P. 107.

Turning to the facts of the present case, we first examine the proof involving the Smith claim. Defendant was charged with grand larceny in aiding and abetting McKeon, as bailee, in stealing Smith's settlement warrant. No essential act requisite to consumation of the crime charged occurred in Hill County. The warrant was in Anaconda where all acts as to its alleged conversion took place. Larceny by bailee, which defendant is accused of aiding and abetting, presupposes lawful possession of the warrant by McKeon. Bernhardt v. United States, 169 F.2d 983, cert. den., 335 U.S. 903, 69 S.Ct. 407, 93 L ed 437. No proof was adduced at the trial of any unlawful act or criminal intent of the defendant in Hill County prior to conversion of the settlement warrant in Anaconda. Acts preparatory to the commission of an offense but which are not essentials of the crime, provide no basis for venue. State v. Hudson, 13 Mont. 112, 115, 32 P. 413. In Hudson we said:

> "Such acts as mailing the letter or buying the pistol, or a murderer traveling through Gallatin county to Silver Bow county, would be, in those particular cases, preliminary to the commission of the offense, and acts without which, in the particular case, the offense would not be committed, but they were not acts requisite to the consummation of the offense. If such acts were construed to be those requisite to the consummation of the offense, there are but few crimes the venue of which could not be construed to be in counties other than the actual county where the offense was committed."

Here the State's own proof showed that all unlawful acts of defendant constituting elements of the crime charged occurred in Anaconda, Deer Lodge County.

The proof of venue involving the Phelps' claim is equally lacking. Here defendant was charged with grand larceny by trick in aiding and abetting McKeon in stealing the State's money by

submitting false documents whereby a settlement of Phelps' claim was effected without his knowledge or consent. The proof at the trial related to a 1968 injury suffered by Phelps. The State's proof indicated that Phelps knew nothing about this claim being pursued until after a radio editorial broke the story sometime after the alleged larceny had taken place. The State failed to prove that any element of the crime charged occurred in Hill County. Under the authorities heretofore noted, this is fatal to the State's case as venue in Hill County must be proved as a jurisdictional fact.

As the venue issue mandates reversal of defendant's conviction, we need not reach other substantial claims of error involving the admissibility of the alleged tape and denial of a speedy trial.

The judgment of the district court is reversed and the conviction of defendant is vacated.

_____
Justice

We concur:

_____
Justice

_____
Chief Justice

_____
Justices

_____
Hon. Jack Shanstrom, District
Judge, sitting in place of Mr.
Justice John C. Harrison.

- 8 -