141 Nev., Advance Opinion 56

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, Appellant, vs. JAMES WALTER DEGRAFFENREID, III; DURWARD JAMES HINDLE, III; JESSIE REED LAW; MICHAEL JAMES MCDONALD; SHAWN MICHAEL MEEHAN; AND EILEEN A. RICE, Respondents. | No. 89064 FILED NOV 13 2025 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court order granting respondents' motion to dismiss a criminal indictment. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

*Reversed and remanded.*

Aaron D. Ford, Attorney General, and Jeffrey M. Conner, Chief Deputy Solicitor General, Carson City,
for Appellant.

Wright Marsh & Levy and Richard A. Wright and Monti Jordana Levy, Las Vegas,
for Respondents Michael James McDonald and Eileen A. Rice.

McLetchie Law and Margaret A. McLetchie, Las Vegas,
for Respondent Jessie Reed Law.

Cook & Kelesis, Ltd., and George P. Kelesis, Las Vegas,
for Respondent James Walter DeGraffenreid, III.

Marquis Aurbach Chtd. and Harry L. Arnold and Brian R. Hardy, Las Vegas,
for Respondents Durward James Hindle, III, and Shawn Michael Meehan.

25-49576

Nancy L. Lemcke, Public Defender, and Layla A. Medina, Deputy Public Defender, Clark County,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

---

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, STIGLICH, J.:

This appeal challenges a district court order dismissing a criminal indictment for improper venue. The underlying charges were filed in Clark County and relate to acts involving false and forged instruments under NRS 205.110 and NRS 239.330. The indictment alleges that respondents mailed false electoral vote certificates related to the 2020 presidential election to Judge Miranda Du at the federal court in Clark County.[2] However, after determining that the alleged offenses were complete upon mailing the certificates from Douglas County, the district court dismissed the indictment as having been improperly filed in Clark County.

We conclude that venue was properly laid in Clark County because the offenses charged were not complete upon mailing but rather necessarily involved the receipt of the certificates at the location to which

---

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participating in the decision in this matter.

[2]Nevada is a one federal district state, unlike, for instance, Texas, which has four separate federal districts. As such, although federal district court judges in Nevada serve in offices in both Las Vegas and Reno, they are all part of one federal district court system.

they were mailed. Respondents do not dispute that the certificates were delivered to a recipient in Clark County. The district court erred in concluding that the alleged crimes were complete upon mailing from Douglas County. We therefore reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Respondents were nominated by the Nevada Republican Party to serve as potential electors for the Electoral College vote for president and vice president in 2020. In the Nevada general election held on November 3, 2020, however, the Democratic Party candidates for president and vice president, Joseph Biden and Kamala Harris, respectively, received the highest number of votes, prevailing over Republican Party candidates Donald Trump and Michael Pence. Shortly after the election, respondents filed a challenge to the election results in the district court, seeking an order declaring Donald Trump the winner of the general election in Nevada and certifying them as Nevada's presidential electors in the Electoral College. After an evidentiary hearing, the district court entered an order denying the election contest. Respondents appealed, and this court affirmed. *Law v. Whitmer*, No. 82178, 2020 WL 7240299 (Nev. Dec. 8, 2020) (Order of Affirmance). Secretary of State elections staff subsequently compiled the documents certifying Nevada's election results, which contained the Nevada state seal and signatures by the Democratic Party electors on the Certificate of the Vote.

As the State alleges, after this court's affirmance, respondents conducted a ceremony in Carson City during which they signed and executed documents purporting to cast Nevada's electoral college votes for the 2020 presidential election. The documents included declarations by respondents that they were "the duly elected and qualified Electors for President and Vice President of the United States of America from the State

of Nevada." After the ceremony, respondent James Walter DeGraffenreid, III, deposited the documents for mailing in Minden, Douglas County, Nevada. The document packages were mailed to the Archivist of the United States and the President of the Senate in Washington, D.C.; the Nevada Secretary of State in Carson City; and the Honorable Miranda M. Du, Chief Judge, United States District Court, District of Nevada, Lloyd D. George Courthouse in Las Vegas, Nevada.

On the basis of these documents and their representations, the State charged respondents with uttering or offering forged instruments, NRS 205.110, and offering a false or forged instrument to be filed in a public office, NRS 239.330. Before a Clark County grand jury, a postal inspector testified, as to one set of documents, that the package addressed to Judge Du was sent by certified mail and delivered in Las Vegas. The State proffered the envelope sent to the federal court in Las Vegas, and a Nevada Attorney General investigator testified that the federal court time-stamped its receipt. After the grand jury returned a true bill, the charging indictment was filed with the district court in Clark County.

Respondent Eileen A. Rice moved to dismiss the indictment for improper venue. The other respondents joined the motion to dismiss.[3] Respondents acknowledged that the package containing the documents was received at the courthouse in Las Vegas. But they argued that the offense, if any, was complete on mailing and that no uttering or offering took place in Clark County because the documents sent to the federal court in Clark

[3]Respondents also sought pretrial habeas relief through several petitions and reciprocal joinders. Neither the district court order dismissing the indictment nor any other order formally resolved the habeas petitions, although the district court noted in hearing the motion to dismiss that its dismissal mooted all other pending matters.

County were conveyed unopened to Judge Du's chambers in Reno, Washoe County, and there opened and placed in storage. The district court conducted a hearing on the matter and ultimately dismissed the charges. The court concluded that the alleged offenses were completed when respondents delivered the documents to the post office in Douglas County for mailing. The court further concluded that the State failed to show "that an act or effect constituting or requisite to the offense was committed in Clark County." The State appeals.[4]

## DISCUSSION

A criminal offense may be prosecuted in the county where it is committed or, if committed in multiple counties, where it is committed in part or where "the acts or effects thereof constituting or requisite to the consummation of the offense occur." NRS 171.030; *Martinez Guzman v. Second Jud. Dist. Ct.*, 137 Nev. 599, 602-03, 496 P.3d 572, 575-76 (2021). Determining venue thus requires determining where the elements of the crime were committed, which presents a question of law. *Ibarra v. State*, 134 Nev. 582, 584, 426 P.3d 16, 18 (2018) (addressing a challenge to the sufficiency of the evidence). Venue must be established by a preponderance of the evidence. *Martinez Guzman*, 137 Nev. at 603, 496 P.3d at 576.

The State argues that the evidence established that an essential element of each crime charged occurred in Clark County. In support, the State asserts that NRS 205.110 involves the act of uttering, which is completed when the false or forged instrument is delivered, or offering, which requires presenting the instrument for acceptance. The State notes that NRS 239.330 also involves an act of offering, and thus

---

[4]Nevada Attorneys for Criminal Justice filed an amicus brief in favor of respondents, arguing that the district court properly dismissed the case.

presenting, a false instrument for acceptance. The State argues that the offenses were not complete upon being delivered to the post office for mailing, because at that point, the documents had not been delivered to a recipient or presented for acceptance. Rather, the State maintains that venue is proper in Clark County because the documents were mailed and delivered to the federal court at its location in Las Vegas.

Respondents first counter that the district court correctly concluded that mailing completed the offenses. Alternatively, respondents argue that nothing was delivered in Clark County because, after arriving in Las Vegas, the documents were transmitted to and opened by Judge Du in Reno. Respondents argue that the Las Vegas address was a "pit stop" from which the documents were forwarded to the court address in Reno and that the Las Vegas address was thus a mistake.

We agree with the State that Clark County was a proper venue because the offenses involved false statements directed to Judge Du at the federal court in Las Vegas. Respondents directed the documents to be sent to the federal court in order to perpetrate a fraud there. This conclusion accords with a plain reading of the criminal statutes and practice in other jurisdictions and is not repelled by respondents' contention that they intended the documents to reach a recipient in Reno.

*The plain language of the offenses supports laying venue where the falsehoods are delivered*

In identifying the conduct an offense proscribes, a court may look to the verbs the statute uses to interpret the nature of the substantive offense, albeit not to the exclusion of other statutory language. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). Here, the State charged respondents with violations of NRS 205.110 and NRS 239.330. NRS 205.110 provides as follows:

> Every person who, knowing the same to be forged
> or altered, and with intent to defraud, shall utter,
> offer, dispose of or put off as true, or have in his or
> her possession with intent so to utter, offer, dispose
> of or put off any forged writing, instrument or other
> thing, the false making, forging or altering of which
> is punishable as forgery, shall be guilty of forgery
> the same as if the person had forged the same.

NRS 205.110 thus involves an act of uttering, offering, or putting off as true a forged writing, instrument, or other thing.

NRS 239.330(1) establishes a crime when "a person who knowingly procures or offers any false or forged instrument to be filed, registered or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in a public office." Thus, NRS 239.330 involves an act of offering a false or forged instrument to be filed, registered, or recorded. An offer is "[t]he act or an instance of presenting something for acceptance," *Offer, Black's Law Dictionary* (12th ed. 2024), while to utter is "[t]o put or send (a document) into circulation; esp., to circulate (a forged note) as if genuine," *Utter, Black's Law Dictionary* (12th ed. 2024).

The actions prohibited by NRS 205.110 and 239.330 repel respondents' construction and support that the crimes were not consummated until the false-vote certificates were delivered. Both statutes anticipate action on receipt when acts of offering or uttering are alleged. Offering or uttering a forged writing in NRS 205.110 appears to envision a recipient who would be presented with whether to accept or circulate the false or forged instrument. Offering a false instrument in NRS 239.330 clearly anticipates a recipient because the document must be presented for filing in a public office. NRS 239.330 necessarily implicates receipt by that public office. And the other terms of the statutes do not compel a contrary conclusion.

Respondents do not dispute that the false-vote certificates were mailed to and delivered at the federal court in Las Vegas, Clark County. The State produced evidence to this effect before the grand jury. By mailing the certificates to the federal court, respondents offered the false statements there within the meanings of NRS 205.110 and NRS 239.330. The express statutory provisions of the offenses therefore support venue in Clark County.

*Venue generally may lie where a false statement is sent or directed*

While Nevada has not specifically addressed whether venue for crimes involving sending a fraudulent instrument from one county to another lies in the receiving jurisdiction, decisions from other courts support laying venue in the receiving jurisdiction. In *In re Palliser*, the United States Supreme Court considered an offense perpetrated by mail, addressing the jursidiction in which the defendant could be tried under the constitutional requirement that trial take place in the district where the crime was committed. 136 U.S. 257, 265-66 (1890).[5] The Court observed that "an overwhelming weight of authority" supported that the sender may be tried where the letter is received by the addressee. *Id.* at 266. That case involved bribing a postmaster to violate an official duty, and the Court observed that the offense was committed where the mailed letter might influence the addressee. *Id.* at 267-68. The record here supported that

---

[5]*Palliser* preceded the federal venue statute discussed below and analyzed venue in terms of constitutionality and an earlier venue statute similar to Nevada's. 136 U.S. at 266 ("Congress has accordingly provided that, 'when any offense against the United States is begun in one judicial district and completed in any other, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined and punished in either district, in the same manner and as if it had been actually and wholly committed therein.'" (quoting Rev. St. § 731)).

respondents mailed the documents to the federal court in Las Vegas, where they were received.

State courts have similarly supported recognizing venue in the receiving jurisdiction. The Oklahoma Supreme Court concluded that venue in a false representation prosecution turned on the recipient's location because "[a] false representation is not complete until the speaker's words have been received and relied upon by the hearer." *Lee v. Bates*, 130 P.3d 226, 231 (Okla. 2005). In Montana, uttering a forged instrument is not complete until the letter that constituted the forgery is received in the county to which it was mailed. *State v. Hudson*, 32 P. 413, 414 (Mont. 1893). Likewise, the Oregon Supreme Court endorsed the proposition that "[w]here the forged instrument is mailed in one county and received in another, venue of the offense of uttering the forged instrument is in the latter county." *State v. Swank*, 195 P. 168, 172 (Or. 1921) (internal quotation marks omitted). The Florida Supreme Court has looked to the county to which the forged instrument is mailed, *Harrell v. State*, 83 So. 922, 925 (Fla. 1920), just as a New York county court looked to the location of the office to which a perjured application is delivered, *People v. Gould*, 246 N.Y.S.2d 758, 761-62 (Cnty. Ct. 1964). The construction of the Texas perjury statute as to a deposition is informative, as that law prohibits a false statement that is used or attempted to be used in court, for which venue lies both where the false statement is uttered and where the court of its anticipated use is located. *Soliz v. State*, 97 S.W.3d 137, 138 (Tex. Crim. App. 2003).

Federal circuit court authorities align, though the federal venue statute limits their utility. 18 U.S.C. § 3237(a) provides that an offense may be "prosecuted in any district in which such offense was begun, continued,

or completed," as well as that "[a]ny offense involving the use of the mails, transportation in interstate or foreign commerce . . . is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves." Nevada's venue statute is distinguishable in looking to the commission of an offense or the acts or effects required to consummate the offense without specifically addressing continuing offenses or passage through the mail. Nevertheless, federal circuit courts that have analyzed the elements of the charges before them, even without express reliance on the federal venue statute, have agreed that offenses involving sending fraudulent instruments between jurisdictions may be tried in either. *E.g.*, *United States v. Elbaz*, 52 F.4th 593, 604 (4th Cir. 2022) (determining that venue for a wire fraud charge is proper both where the wire transmission was sent and where it was received because the offense occurred in both locations), *cert. denied*, ___ U.S. ___, 144 S. Ct. 278 (2023); *United States v. Leahy*, 82 F.3d 624, 633 (5th Cir. 1996) ("In general, venue under the various false claim and false statement statutes is proper either where the false statement is prepared and mailed or where it is received." (internal quotation marks omitted)). The balance of authority thus overwhelmingly supports that venue was appropriate in Clark County based on respondents' mailing the documents at issue to the federal court in Las Vegas.

*Forwarding the documents to Washoe County did not preclude venue in Clark County*

Respondents' contention that venue was proper in Washoe County but not in Clark County because the false statements were promptly forwarded to Judge Du's chambers in Washoe County lacks merit. On the facts, respondents concede that the package containing the false certificates was mailed to and delivered at the federal court in Clark County. This

Supreme Court
of
Nevada

(0) 1947A

10

provided a sufficient basis from which to find that respondents intended the certificates to effect their fraudulent aims in Clark County. Nevada law does not preclude venue from being appropriate in multiple counties for the same offense. NRS 171.030. Given our conclusion that venue was proper in Clark County, we need not resolve whether venue may have properly laid in Washoe County as well. Insofar as respondents contend that using a Clark County address to mail the certificates to Judge Du was a mistake and that they should have used a Washoe County address, they have provided no authority suggesting that such a mistake was material to the venue analysis.[6]

## CONCLUSION

The district court erred in concluding that the offenses were complete upon depositing the documents for mailing in Douglas County and thus in concluding that Clark County was an improper venue. The offenses charged anticipated the documents' receipt and sought to induce or persuade a recipient to take action by accepting them as true. As they were

---

[6]Respondents also argue that 18 U.S.C. § 1001 preempts NRS 205.110 and NRS 239.330. Respondents failed, however, to raise this argument below and therefore waived it. *See Malco Enters. of Nev., Inc. v. Woldeyohannes*, 140 Nev., Adv. Op. 76, 559 P.3d 875, 876 n.2 (2024). Nevertheless, 18 U.S.C. § 1001 criminalizes false statements made in a matter within the jurisdiction of the federal government. Nothing in 18 U.S.C. § 1001 suggests that Congress expressed a "clear and manifest" intent to supersede state law, particularly given Nevada's strong interest in regulating false statements in elections it oversees, and therefore the strong presumption that state law is not preempted controls. *See Nanopierce Techs., Inc. v. Depository Tr. & Clearing Corp.*, 123 Nev. 362, 370-71, 168 P.3d 73, 79 (2007) (internal quotation marks omitted) (discussing federal preemption); *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 693, 191 P.3d 1138, 1154 (2008) (recognizing "the state's interest in regulating its own elections").

addressed to and delivered at the federal court in Las Vegas, venue properly laid in Clark County to prosecute the crimes alleged. We reverse the order dismissing the criminal indictment and remand to the district court.

_____, J.
Stiglich

We concur:

_____, C.J.
Herndon

_____, J.
Parraguirre

_____, J.
Bell

_____, J.
Cadish

_____, J.
Lee