STATE, RESPONDENT, v. WILLIAMS, APPELLANT

No. 8870.

Submitted January 10, 1949. Decided January 18, 1949.

202 Pac. (2d) 245.

280

T. H. MacDonald, of Kalispell, for appellant. Mr. MacDonald argued the cause orally.

R. V. Bottomly, Atty. Gen., Clarence Hanley and J. D. Sullivan, Asst. Attys. Gen., for respondent.

MR. CHIEF JUSTICE ADAIR:

Defendant, Edward James Williams, was charged by information, tried, convicted by a jury and sentenced to imprisonment in the state prison for the crime of second degree burglary. The information charges that on the 29th day of June 1947, the defendant "at the county of Flathead, in the State of Montana, with force and arms, did wilfully, unlawfully and feloniously and with intent to commit larceny therein, enter the room rented and occupied by Mr. and Mrs. H. R. Schneider in the Palm Hotel at Whitefish, Montana." Defendant was tried and sentenced in the district court of Flathead county. From the judgment of conviction and the order denying his motion for a new trial defendant has appealed. He challenges the integrity of the judgment upon the single ground that the evidence failed to establish venue in Flathead county.

Venue is not an element of the crime charged but it is a jurisdictional fact which the state was required to prove by judicial evidence. The measure of proof is the same as that required to establish any material fact in a criminal prosecution. State v. Ducolon, 60 Mont. 594, 597, 201 Pac. 267; State v. Cates, 97 Mont. 173, 189, 33 Pac. (2d) 578; State v. Smith, 57 Mont. 563, 588, 190 Pac. 107; State v. Keeland, 39 Mont. 506, 515, 104 Pac. 513.

At the trial six witnesses testified on behalf of the state and

nine witnesses, including defendant, testified on behalf of the defendant. Those who testified for the state were: The prosecuting witnesses Henry R. Schneider and Helen Schneider; the arresting officer George Robertson, chief of police of Whitefish, Montana; the undersheriff of Flathead County, Montana, William Donegan; Elsa Titchbourne, and Richard Walsh. Those who testified for the defendant were: The chief clerk of the Great Northern Railroad at Whitefish, Montana, A. L. Vining; the undersheriff, William Donegan; Evelyn Berger; Lucille Thomasser; John Brumbaugh; A. T. Aronsen; Elsa Titchbourne; Richard P. Walsh, and the defendant Edward James Williams. The testimony of such witnesses, without conflict, shows that the scene of the crime of which defendant was convicted was the Palm Hotel in Whitefish, Montana, and this fact is conceded by defendant whose brief in this court in referring to such testimony says: "Many times it was mentioned that the offense occurred in Whitefish and in Whitefish, Montana."

Defendant asserts that no "formal attempt" was made to prove venue and that therefore there was no proof that Whitefish, Montana, is in Flathead county.

There are various kinds of judicial evidence sanctioned by law other than the testimony of witnesses, one of which is the knowledge of the court.

Courts take judicial notice, inter alia, of "whatever is established by law"; of "public and private official acts of the legislative, executive, and judicial departments of this state," subdivs. 2 and 3 of sec. 10532, Rev. Codes of Montana 1935; and "of the geography of Montana." Pollard v. Montana Liquor Control Board, 114 Mont. 44, at page 48, 131 Pac. (2d) 974, at page 976.

A public act of the legislative assembly approved February 6, 1893, created Flathead county as one of the political subdivisions of the state of Montana. Session Laws of 1893, at p. 198.

Section 4319 of the Political Code of Montana of 1935 establishes, fixes and defines the boundaries of Flathead county and designates the city of Kalispell as the county seat thereof.

Another public act of the legislature, section 530.2 of the Political Code of Montana of 1935, provides: "The map of the state of Montana issued by the board of railroad commissioners of Montana shall be and the same hereby is designated as the official map of the state of Montana."

Accordingly the courts of this state will take judicial notice ▮▮ of the boundaries of the various counties as established, fixed and defined by the Codes and of the territorial limits of such political subdivision of the state as such limits are shown and depicted on the official map of the state of Montana. Secs. 530.2, 4305-4362 and subdivs. 2, 3, and 8 of sec. 10532, Rev. Codes of Montana 1935; State ex rel. Arthurs v. Board of County Com'rs, 44 Mont. 51 at page 61, 118 Pac. 804 at page 807. Likewise the jury, as part of the court, may take notice of the general geography of Montana and of the boundaries and limits of the various political subdivisions of the state.

Section 10699, Revised Codes of Montana 1935, expressly provides that: "Whenever the knowledge of the court is, by this code, made evidence of a fact, the court is to declare such knowledge to the jury, who are bound to accept it."

In this case the court and jury were at liberty to take judicial notice of the boundaries of Flathead county as established by law, sec. 4319, Rev. Codes 1935 and to "resort for their aid to appropriate books or documents of reference," sec. 10532, Rev. Codes 1935, including the official map of the state, sec. 530.2, Rev. Codes. The city of Whitefish, Montana, is shown on such official map. It is designated therein as a United States post-office. The main line of the Great Northern Railway passes through it. The city is shown as situate on the shores of Whitefish Lake. It is shown to be approximately 15 miles almost due north of the city of Kalispell. It is "south of the border," i. e., south of the boundary line between the United States and Canada. It is shown on the official map to be situate wholly within the boundaries of Flathead county.

While the above is judicial evidence, yet we do not approve of

indirect methods of establishing venue in criminal actions where, as here, direct evidence of such fact may be easily obtained.

In State v. Woods, 54 Mont. 193 at page 195, 169 Pac. 39, this court held that it is competent in criminal prosecutions to establish venue by circumstantial evidence provided only it meets the requirements of the rule laid down in such cases as State v. Allen, 34 Mont. 403, 87 Pac. 177; State v. Suitor, 43 Mont. 31, 114 Pac. 112, Ann. Cas. 1912C, 230; State v. Chevigny, 48 Mont. 382, 138 Pac. 257, and State v. Keeland, supra.

The testimony of the witnesses supplemented by the facts of which the court and jury will take judicial notice, when considered together, meet the requirements of the Code provisions and of the rule announced in the decisions above cited. Such is judicial evidence sanctioned by law and sufficiently establishes that the crime of which the defendant was convicted was committed in Flathead county and within the territorial jurisdiction of the trial court.

The judgment and order are affirmed.

Associate Justices Angstman, Freebourn and Metcalf, and W. R. Flachsenhar, District Judge, sitting in place of Mr. Justice Bottomly, disqualified, concur.