IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-31

THOMAS P. McGUINN, SR.,

     Petitioner,

v.

HENRY RISLEY, Warden,

     Respondent.



ORDER AND OPINION

PER CURIAM:

On January 16, 1984, petitioner Thomas P. McGuinn, Sr., filed a pro se petition for a writ of habeas corpus alleging his conviction and sentence for deliberate homicide in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, are illegal. The grounds alleged are: (1) failure to report closing arguments to the jury; (2) irrelevant and prejudicial closing argument by the prosecuting attorney; and, (3) failure of proof that the crime was committed in Silver Bow County, Montana.

On February 10, 1984, we granted petitioner's motion to enter certain affidavits from his relatives in evidence without prejudice to later determination of their materiality.

On May 1, 1984, the State filed its response and supporting brief and memorandum of law setting forth that this petition is really a petition for post-conviction relief, not habeas corpus, and contending that there was a waiver of the presence of the court reporter to report closing arguments, a

1

failure to raise this point until now despite lengthy attacks on the judgment in various courts, failure to object to the same at the trial court level, and no showing of prejudice. The State further contends that no improper remarks were made by the prosecuting attorney during oral argument, that petitioner failed to raise this point until now, and that petitioner made no objection at the trial court level. The State further contends that objections to venue were waived under the Montana statute requiring such objections to be raised prior to trial and that there is a presumption that the crime of homicide occurs where the body is found.

The Court has examined and considered the entire District Court file and exhibits, the Supreme Court file, memoranda of law and cases cited by both petitioner and the State.

IT IS NOW ORDERED:

1. This Court will treat the petition for writ of habeas corpus as a petition for post-conviction relief for the reasons set forth in the State's brief. We hold that this petition could be dismissed for failure to file the same within five years of the date of conviction, but we will reach and dispose of the contentions on the merits in the exercise of our discretion.

2. We deny petitioner's claim of violation of due process because the court reporter was not present recording final argument on the grounds that counsel waived the same, that no objection was raised by petitioner at the trial court level, that the issue is now raised almost seven years later for the first time despite extensive appeals and habeas corpus proceedings, and that no prejudice is shown.

2

3. Petitioner's claim of improper closing argument by the prosecuting attorney is denied on the ground there is nothing to substantiate this contention except the form affidavits signed by petitioner's relatives, that no objection of this matter was made on appeal or during extensive collateral attacks on the judgment, and that substantial prejudice would result to the State from petitioner's delay in advancing this ground.

4. Petitioner's claim of improper venue is denied on the grounds that Montana statutes provide that venue is expressly waived by failure to object prior to trial and that there is a presumption that the crime of homicide occurred where the body is found and extensive prejudice would result to the State by petitioner's delay in asserting this ground.

5. The petition is denied and this proceeding dismissed.

6. The Clerk is directed to mail a true copy of this order to petitioner personally, to the Attorney General and to the County Attorney of Silver Bow County, Montana.

DATED this 10th day of May, 1984.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices