No. 96-425

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 108

294 Mont. 321

981 P.2d 778

STATE OF MONTANA,

Plaintiff and Respondent,

v.

CHARLES THOMPSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Third Judicial District,

In and for the County of Powell,

The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Attorney at Law, Appellate Defender

Office; Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General; Helena, Montana

Christopher Miller, Powell County Attorney; Deer Lodge, Montana

Submitted on Briefs: March 11, 1999

No

Decided: May 19, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The defendant, Charles Thompson, filed a motion to correct an erroneous sentence in the District Court for the Third Judicial District in Powell County. He asserted that he was erroneously charged with felony escape. The District Court denied Thompson's motion. Thompson appeals the District Court order denying his motion. We affirm the judgment of the District Court.**

**¶2. The following issues are presented on appeal:**

**¶3. 1. Is Thompson entitled to the appointment of new counsel because his present counsel filed a motion to withdraw in which he represented that he was unable to find any nonfrivolous issue to raise on appeal?**

**¶4. 2. Were Thompson's constitutional and statutory rights violated when he was prosecuted in a different county than the county where the alleged offense was committed?**

## FACTUAL BACKGROUND

**¶5. On November 16, 1995, Charles Thompson was charged by information filed in Powell County with felony escape in violation of § 45-7-306, MCA. The information alleged that on September 16, 1995, Thompson, while an inmate subject to official detention by the Department of Corrections and assigned to the Billings Pre-release Center, "knowingly removed himself from official detention." Thompson was arrested in Livingston, Montana on October 11, 1995.**

¶6. Michael Grayson was appointed to represent Thompson. On November 30, 1995, Thompson pled guilty to the charge of felony escape and signed an acknowledgment of waiver of rights by plea of guilty. Thompson entered his guilty plea as part of a plea agreement in which the prosecuting attorney agreed to recommend a two year sentence to be served consecutive to the sentence for the underlying offense. The court then imposed that sentence and ordered that it be served in the custody of the Department of Corrections.

¶7. On March 1, 1996, Thompson, appearing pro se, filed a motion to correct erroneous sentence, asserting that the felony escape charge was erroneous, and that the court could only properly have charged him with misdemeanor escape. The court denied Thompson's motion. Thompson then filed an appeal of the District Court "Order Denying Motion for Correction of Erroneous Sentence and Petition for Supervisory Control" on July 2, 1996.

¶8. On September 11, 1998, Thompson's appellate counsel filed a motion to withdraw as counsel of record. He filed a supporting brief asserting that he found no nonfrivolous issues to raise on appeal.

¶9. We, however, concluded that a nonfrivolous issue existed related to venue, and denied the appellate defender's motion to withdraw as counsel for Thompson.

ISSUE 1

¶10. Is Thompson entitled to the appointment of new counsel because his present counsel filed a motion to withdraw in which he asserted that he was unable to find any nonfrivolous issue to raise on appeal?

¶11. In September 1998, William Hooks, Thompson's counsel, filed a motion to withdraw in which he represented that he was unable to find any nonfrivolous issue to raise on direct appeal. Hooks also filed an *Anders* brief as required by § 46-8-103 (2), MCA, and *Anders v. California* (1967), 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493. Section 46-8-103(2), MCA, requires that:

If counsel finds the defendant's case on appeal to be wholly frivolous, counsel shall advise the court of that fact and request permission to withdraw. The request to withdraw must be accompanied by a memorandum referring to anything in the record that might arguably

support the appeal. The defendant is entitled to receive a copy of counsel's memorandum and to file a reply with the court.

In his *Anders* brief, Hooks raised as an arguable issue that Thompson's case was not prosecuted in the proper venue, and that Thompson's constitutional and statutory rights were violated.

**¶12. On December 1, 1998, we concluded that a nonfrivolous issue existed "as to whether Thompson should have been prosecuted in Yellowstone County rather than Powell County." We, therefore, denied Hooks' motion to withdraw.**

**¶13. Hooks now asserts that there may be a conflict of interest. His concern arises from his motion to withdraw in which he asserted that the case was wholly frivolous. Because he is now required to argue the merits of the venue issue, he points out that his ability to effectively do so might be reasonably questioned.**

**¶14. However, our independent review of Thompson's appeal, and Hooks' arguments on his behalf, convince us that Thompson's interests have been effectively represented. Furthermore, Thompson has expressed no objection to representation by his current counsel.**

**¶15. We, therefore, conclude that it is not necessary to appoint new counsel.**

ISSUE 2

**¶16. Were Thompson's constitutional and statutory rights violated when he was prosecuted in a different county than the county where the alleged offense was committed?**

**¶17. Thompson argues that he had a right to be prosecuted in Yellowstone County because all the acts on which the charges of escape were based occurred in Yellowstone County. The charges, however, were filed and he was prosecuted in Powell County. Article II, Section 24, of the Montana Constitution, provides in part that "[i]n all criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Thompson additionally argues that § 46-3-110(1),**

MCA, guarantees that an accused has the right to be prosecuted in the same county in which the offense is alleged to have been committed. Section 46-3-110(1), MCA, provides that "[i]n all criminal prosecutions, the charge must be filed in the county where the offense was committed unless otherwise provided by law." Section 46-3-110 (2), MCA, provides that:

A charge for violation of 45-7-306 [the felony escape statute] after imposition of a state prison sentence or after commitment to the department of corrections may, at the discretion of the county attorney for the county in which the person was arrested and without objection from the person charged, be filed in any county in the state.

However, subsection (2) did not become effective until after Thompson was charged with escape and, therefore, is inapplicable.

¶18. Finally, Thompson argues that "venue," for purposes of proving that the crime was committed in the county where the charges were filed, "is a jurisdictional fact that must be proved at the trial, the same as any other material fact in a criminal prosecution." In support of his argument, he cites to *State v. Preite* (1977), 172 Mont. 318, 323, 564 P.2d 598, 601, *State v. Johnson* (1993), 257 Mont. 157, 161, 848 P.2d 496, 498, and *State v. Jackson* (1979), 180 Mont. 195, 200, 589 P.2d 1009, 1013. Thompson contends that the court lacks jurisdiction if the State fails to prove that the crime was committed in the county where the charges were filed, and that jurisdictional defects cannot be waived.

¶19. In *Johnson*, 257 Mont. at 161, 848 P.2d at 498, we stated that "[a]lthough venue is not an element of the crime, it is a jurisdictional fact that must be proven at trial just as any other material element." Likewise, in *Preite* and *Jackson*, we concluded that venue, while not an element of the crime, was a jurisdictional fact that had to be proven. *Preite*, 172 Mont. at 323, 564 P.2d at 601; *Jackson* 180 Mont. at 200, 589 P.2d at 1013.

¶20. The present case differs from *Johnson*, *Preite*, and *Jackson* in that the defendants in those cases did not plead guilty, and jury trials were had in all three instances. In those cases, the State had the burden of proving where the crimes were committed. In contrast, Thompson pled guilty and admitted that he committed the crime of escape in Yellowstone County. The question of whether evidence at a criminal trial was sufficient to establish venue is different than a claim of improper

venue after the defendant has pled guilty and admitted committing the crime with which he was charged.

¶21. Montana law specifically provides that in criminal cases venue is waived if not raised prior to the first witness being sworn. Section 46-3-111(2), MCA, provides that "[a]ll objections that a charge is filed in the improper county are waived by a defendant unless made before the first witness is sworn at the time of trial." Thompson did not raise the issue of improper venue prior to pleading guilty to the charges filed in Powell County. The charges may have been filed in the wrong county for venue purposes, but Thompson waived his right to have them filed in Yellowstone County when he pled guilty.

¶22. It is well-settled in this state that the statutory right to venue can be waived. *See McGuinn v. Risley* (1984), 210 Mont. 349, 351-52, 681 P.2d 699, 700; *State v. Feeley* (1976), 170 Mont. 227, 231, 552 P.2d 66, 68. Likewise, federal courts have held that the Sixth Amendment right to be tried in the district or state where the crime was committed can be waived. *See United States v. Evans* (9th Cir. 1995), 62 F.3d 1233, 1236; *Hanson v. United States* (9th Cir. 1960), 285 F.2d 27, 28. In this case, any assertion of improper venue was waived by Thompson's failure to object prior to pleading guilty.

¶23. Accordingly, we conclude that Thompson's constitutional and statutory rights were not violated. We therefore affirm the conviction of the District Court.


/S/ TERRY N. TRIEWEILER



We Concur:


/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

No

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON