Justice Laurie McKinnon delivered the Opinion of the Court.
***278 ¶ 1 Ryan Scot Frankforter appeals a decision of the First Judicial District Court, Lewis and Clark County, affirming two convictions of partner or family member assault (PFMA) from Helena Municipal Court. We reverse one PFMA conviction and clarify our jurisprudence regarding jurisdiction and venue in criminal cases, addressing the following issues:
1. Does a defendant waive his right to object to the county in which a charge is filed if he fails to object before the first witness is sworn at trial?
2. Does a defendant waive his right to object to the prosecution's failure to establish jurisdiction of the trial court?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 2 On the evening of August 26, 2014, Frankforter's wife contacted the police, reporting that Frankforter assaulted and injured her. An officer responded to the call and noted injuries-bruising and abrasions-consistent with assault. At that time, Frankforter's wife also had a cast on her hand. She told the officer that Frankforter previously injured her hand by grabbing her arm and twisting it.
¶ 3 The City of Helena (City) charged Frankforter with two counts of PFMA: one count stemming from the August 26, 2014 incident, and the other count stemming from the previous incident leading to the hand injury. The case proceeded to a bench trial in April 2015. At trial, Frankforter's wife recanted her earlier statement regarding her hand injury, stating she actually injured her hand in a boating accident on Canyon Ferry Reservoir. Frankforter testified that his wife injured her hand while boating near White Sandy Beach, which is at Hauser Lake. The officer testified regarding Frankforter's wife's statements to him on the evening of August 26, 2014-that Frankforter previously injured her hand by grabbing and twisting it during an argument. He stated ***279 he did not know where the alleged incident occurred.
¶ 4 The Municipal Court found Frankforter guilty of both PFMA charges and Frankforter subsequently appealed his convictions to the District Court, raising two issues-speedy trial and sufficiency of the evidence. The District Court affirmed Frankforter's convictions and he now appeals to this Court, arguing the City failed to prove the Municipal *583 Court was a proper venue for, or had jurisdiction over, the second charge.
STANDARD OF REVIEW
¶ 5 On appeal from a municipal court, the district court acts as an intermediate appellate court. City of Helena v. Broadwater , 2014 MT 185, ¶ 8, 375 Mont. 450, 329 P.3d 589. When reviewing the district court's decision in such an appeal, we review the case as if the appeal was originally filed in this Court, applying the appropriate standard of review. City of Billings v. Nelson , 2014 MT 98, ¶ 15, 374 Mont. 444, 322 P.3d 1039. We review a lower court's legal conclusion regarding venue de novo. State v. Patterson , 2012 MT 282, ¶ 22, 367 Mont. 186, 291 P.3d 556.
DISCUSSION
¶ 6 On appeal, Frankforter argues the Municipal Court improperly convicted him of the second PFMA charge-the one stemming from his wife's previous hand injury-because the City failed to establish proper venue in Helena Municipal Court beyond a reasonable doubt. Citing cases from this Court stating that venue is a "jurisdictional fact" the prosecution must prove at trial beyond a reasonable doubt, Frankforter notes there is insufficient evidence in the record regarding where Frankforter's wife's hand injury occurred. The City responds, urging this Court to overrule our precedent requiring venue to be established beyond a reasonable doubt. Instead, the City reasons we should follow the plain language of § 46-3-111(2), MCA, regarding waiver of venue objections. Therefore, the City argues Frankforter waived his objection to venue because he failed to raise the issue before trial.
¶ 7 1. Does a defendant waive his right to object to the county in which a charge is filed if he fails to object before the first witness is sworn at trial?
¶ 8 This Court has long distinguished between jurisdiction and venue. In re Support Obligation of McGurran , 2002 MT 144, ¶ 12, 310 Mont. 268, 49 P.3d 626 (citing Stanton Trust & Sav. Bank v. Johnson , 104 Mont. 235, 235, 238, 65 P.2d 1188, 1189 (1937) ("[T]here is an obvious ***280 distinction between 'venue' and 'jurisdiction.' ") ). Jurisdiction encompasses a court's adjudication power-its authority to hear and determine a case. McGurran , ¶ 12. Venue, on the other hand, refers to the place where the case may be heard-it "relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants." Black's Law Dictionary 1790 (Bryan A. Garner ed., 10th ed. 2014) (quoting Charles Alan Wright, The Law of Federal Courts § 42, 257 (5 th ed. 1994) ); see also McGurran , ¶¶ 13-14 (quoting the same from the Seventh Edition of Black's Law Dictionary ). Jurisdiction and venue are not interchangeable, as it "is possible for jurisdiction to exist though venue in a particular district is improper, and it is possible for a suit to be brought in the appropriate venue though it must be dismissed for lack of jurisdiction." Black's Law Dictionary 1790 (Bryan A. Garner ed., 10 th ed. 2014); McGurran , ¶ 14.
¶ 9 While we generally make the important distinction between jurisdiction and venue, we have done so insufficiently in criminal cases, particularly in light of our criminal procedure statutes. An accused person has a constitutional right to "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, subject to the right of the state to have a change of venue for any of the causes for which the defendant may obtain the same." Mont. Const. art. II, § 24. Title 46, MCA, provides the statutory guidelines for criminal procedure in Montana. Chapter 2, entitled "Jurisdiction," contains statutes regarding jurisdiction, and Chapter 3, entitled "Venue," contains statutes regarding venue.
¶ 10 The venue statutes are consistent with Article II, Section 24, of the Montana Constitution, and explain that "[i]n all criminal prosecutions, the charge must be filed in the county where the offense was committed unless otherwise provided by law." Section 46-3-110(1), MCA. Thereafter, a criminal defendant's trial "must be in the county where the charge is filed unless otherwise provided by law." Section 46-3-111(1), MCA. However, just as a defendant may choose to waive his *584 right to a jury trial, see , e.g. , State v. Dahlin , 1998 MT 113, ¶ 18, 289 Mont. 182, 961 P.2d 1247 (citing Mont. Const. art. II, § 26 ), a defendant waives "[a]ll objections that a charge is filed in the improper county" unless he objects "before the first witness is sworn at the time of trial." Section 46-3-111(2), MCA. Accordingly, based on the plain language of § 46-3-111(2), MCA, we conclude a defendant waives his right to object to the county in which a charge is filed if he fails to object before the first witness is sworn at trial.
¶ 11 Unfortunately, our previous case law fails to recognize the ***281 difference between jurisdiction and venue when it comes to the venue-waiver provisions of § 46-3-111(2), MCA. This failure is likely due to oversight of changes to the venue statutes, which occurred in 1967. Before 1967, we continually held that venue, while not an element of the crime charged, was still a "jurisdictional fact" the prosecution needed to prove beyond a reasonable doubt. See , e.g. , State v. Williams , 122 Mont. 279, 280, 202 P.2d 245, 245-46 (1949) ; State v. Cates , 97 Mont. 173, 189, 33 P.2d 578, 581 (1934) ; State v. Ducolon , 60 Mont. 594, 597, 201 P. 267, 267 (1921) ; State v. Keeland , 39 Mont. 506, 515, 104 P. 513, 517 (1909). See also State v. Smith , 57 Mont. 563, 588, 190 P. 107, 116 (1920).
¶ 12 In 1967, the Montana Criminal Law Commission (the Commission) proposed amendments to the criminal procedure statutes. The Commission noted that "[u]nder the proposed code, venue is completely separated from jurisdiction . Venue is a constitutional right of the defendant which may be waived , while jurisdiction is the power of the court to act and may not be waived." Section 46-3-111, MCA, comm. cmt. (1967) (stating, further, that the proposed amendments would bring "[t]he concept of venue in a criminal case ... into agreement with the view of venue and jurisdiction found in civil cases" (citing Stanton , 104 Mont. at 238, 65 P.2d at 1189 ) ) (emphasis added). The Commission reasoned a defendant's failure "to object to the venue before trial should be construed as a waiver," and noted such waiver is constitutionally permissible because a defendant's right to venue is not an absolute right-instead, "[v]enue falls within that class of constitutional rights of the defendant which may be waived either by affirmative action, or through failure to object at the proper time." Section 46-3-111, MCA, comm. cmt. (1967).
¶ 13 The Commission rejected our pre-1967 venue reasoning, stating that the prosecution does not need to prove venue beyond a reasonable doubt at trial. Section 46-3-111, MCA, comm. cmt. (1967). Instead, the Commission noted determination of proper venue is "a pre-trial procedure principally for the benefit and convenience of the parties involved to be established by a preponderance of the evidence." Section 46-3-111, MCA, comm. cmt. (1967). Despite these comments and resulting amendments to the statutes, this Court has continued to apply pre-1967 precedent, repeatedly stating that "although venue is not an element of the crime, it is a jurisdictional fact that must be proven at trial [beyond a reasonable doubt] just as any other material element." State v. Thompson , 1999 MT 108, ¶ 19, 294 Mont. 321, 981 P.2d 778 (quoting ***282 State v. Johnson , 257 Mont. 157, 161, 848 P.2d 496, 498 (1993) ).[1] We have also, however, correctly recognized that a defendant waives his objection to venue if he fails to raise it pre-trial. See , e.g. , Thompson , ¶¶ 21-22 (citing § 46-3-111(2), MCA ); McGuinn v. Risley , 210 Mont. 349, 351-52, 681 P.2d 699, 700 (1984) ; State v. Feeley , 170 Mont. 227, 231, 552 P.2d 66, 69 (1976).
¶ 14 Based on the plain statutory framework of Title 46, Chapters 2 and 3, MCA, clearly separating venue from jurisdiction, we conclude venue is not an essential *585 "jurisdictional fact" that must be proven at trial. We accordingly overrule the above-listed cases and other cases to the extent they confuse venue with jurisdiction and state or hold venue is a jurisdictional fact that must be proven at trial beyond a reasonable doubt. Instead, a defendant waives his objection to the county in which a charge is filed if he fails to raise it before the first witness is sworn at trial.[2] Section 46-3-111(2), MCA. "If an objection is made, a hearing must be held and the proper county in which to file the charge must be established before further proceedings may take place." Section 46-3-111(2), MCA. Thereafter, the prosecution does not have to prove venue beyond a reasonable doubt during the defendant's trial.
¶ 15 In his briefing to this Court, Frankforter argues the City failed to prove venue of the second PFMA charge beyond a reasonable doubt at trial. However, Frankforter failed to object to the county in which the City filed the charge before his trial in Municipal Court and we therefore conclude, pursuant to § 46-3-111(2), MCA, that he waived his right to contest venue.
¶ 16 2. Does a defendant waive his right to object to the prosecution's failure to establish jurisdiction of the trial court?
¶ 17 Preliminarily, we observe that Frankforter does not distinguish ***283 between venue and jurisdiction in his arguments, blending the two principles into one. Frankforter maintains the City failed to prove "venue," a "jurisdictional fact," beyond a reasonable doubt at trial. The City chose to address only Frankforter's argument regarding venue, correctly maintaining that he waived any objection. We nonetheless discern that, as a basic premise, Frankforter asserts the City did not prove where the alleged offense occurred. Because Frankforter relied on our case law confusing jurisdiction and venue, we generously construe his position and will consider his contention that the Municipal Court did not have jurisdiction, as opposed to venue, over the second PFMA charge.
¶ 18 Although pursuant to § 46-3-111(2), MCA, a defendant waives his right to object to venue if his objection is untimely, a defendant may not waive nor stipulate to a court's jurisdiction over his criminal case. Jurisdiction addresses the court's authority to adjudicate the proceeding. McGurran , ¶ 12. Thus, in a criminal proceeding, the prosecution must establish that the trial court has the authority, or jurisdiction, to preside over the trial. The criminal procedure statutes governing jurisdiction contained in Title 46, Chapter 2, MCA, provide that a person is subject to prosecution in Montana for an offense "committed either wholly or partly within the state." Section 46-2-101(1)(a), MCA. District courts have jurisdiction "of all public offenses not otherwise provided for."[3] Section 46-2-201, MCA. Courts of limited jurisdiction-including municipal courts-have authority limited to specific offenses and geographical areas within Montana. Section 46-2-204, MCA, provides that municipal courts have criminal jurisdiction as authorized by § 3-6-103, MCA, which, in turn, provides that municipal courts have "jurisdiction coordinate and coextensive with the justices' courts of the county where the city is located."
¶ 19 Section 46-2-202, MCA, grants justices' courts jurisdiction as authorized by § 3-10-303, MCA, which limits the scope of justices' courts' jurisdiction to specific "offenses committed within the respective counties in which the courts are established." Those specific offenses include "all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months," and justices' courts also have "concurrent *586 jurisdiction with district courts of all misdemeanors punishable by a fine exceeding $500 or imprisonment exceeding 6 ***284 months, or both." Section 3-10-303(1)(a), (c), MCA.
¶ 20 The Helena Municipal Court is established in Lewis and Clark County, and therefore the geographical scope of its jurisdiction is limited to offenses committed within Lewis and Clark County. Therefore, the Municipal Court only has jurisdiction over Frankforter's second PFMA charge if the City proves the offense occurred in Lewis and Clark County. There is no evidence in the record regarding where Frankforter allegedly injured his wife's hand and there is accordingly no way to determine whether the Municipal Court has jurisdiction over the charge. The City needed to present evidence at trial proving that the Municipal Court had jurisdiction. Frankforter's conviction cannot stand where there is no evidence as to where the alleged incident occurred.
¶ 21 To be clear, the City did not err by failing to prove proper venue, because Frankforter waived his objection to venue when he did not object to the county in which the charge was filed before the first witness was sworn at trial. Instead, the City erred by failing to prove proper jurisdiction. Because there is no evidence in the record proving the Municipal Court had jurisdiction over Frankforter's second PFMA conviction-the one stemming from the alleged incident in which he injured his wife's hand-we vacate that conviction.
CONCLUSION
¶ 22 A criminal defendant waives his right to object to the county in which a charge is filed if he fails to object before the first witness is sworn at trial. Section 46-3-111(2), MCA. We accordingly overrule our prior precedent to the extent it confuses venue with jurisdiction and requires the prosecution to prove venue beyond a reasonable doubt at trial. The prosecution must, however, prove proper jurisdiction at trial. Frankforter did not object to the county in which the City filed the PFMA charges before his trial began and we therefore conclude he waived his venue objection. The City, however, failed to present any evidence regarding where the second PFMA charge occurred, and, accordingly, did not meet its burden of proving jurisdiction. We therefore reverse Frankforter's second PFMA conviction-the one stemming from his wife's hand injury-and vacate the Municipal Court's judgment against him as to that count only.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.

See also Patterson , ¶ 22 ; State v. Ruiz , 2004 MT 135, ¶ 11, 321 Mont. 357, 91 P.3d 565 ; State v. Galpin , 2003 MT 324, ¶ 23, 318 Mont. 318, 80 P.3d 1207 ; State v. Price , 2002 MT 229, ¶ 11, 311 Mont. 439, 57 P.3d 42 ; State v. Diesen , 2000 MT 1, ¶ 14, 297 Mont. 459, 992 P.2d 1287 ; State v. Jackson , 180 Mont. 195, 200, 589 P.2d 1009, 1013 (1979) ; State v. Bretz , 185 Mont. 253, 285, 605 P.2d 974, 993 (1979) (citing Williams , 122 Mont. at 280, 202 P.2d at 245-46 ); State v. Preite , 172 Mont. 318, 323, 564 P.2d 598, 600-01 (1977) (citing Williams , 122 Mont. at 280, 202 P.2d at 245-46 ); State v. Campbell , 160 Mont. 111, 117, 500 P.2d 801, 804 (1972) (citing Williams , 122 Mont. at 280, 202 P.2d at 245-46 ).

In some cases, venue may become improper after the trial begins-for example, when media publicity jeopardizes an accused's right to a fair and impartial trial, see , e.g. , State v. Kingman , 2011 MT 269, ¶ 33, 362 Mont. 330, 264 P.3d 1104 -and in those cases a defendant may appropriately object to venue after the outset of trial. This case does not present such a situation, however.

Further, "[t]he jurisdiction of the judges of the district courts of the state of Montana in rendering and signing judgments ... shall be coextensive with the boundaries of the state of Montana...." Section 3-5-312(1), MCA.