

FILED
05/05/2020
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 18-0101

DA 18-0101

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 116N

STATE OF MONTANA,

     Plaintiff and Appellee,

v.

SCOTT ALAN COOK,

     Defendant and Appellant.

FILED

MAY 05 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2016-512
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Chad Wright, Appellate Defender, Danny Tenenbaum, Assistant Appellate
Defender, Helena, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

        Leo J. Gallagher, Lewis and Clark County Attorney, Ann Penner, Deputy
County Attorney, Helena, Montana

Submitted on Briefs: April 1, 2020

Decided: May 5, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Scott Alan Cook appeals following a conviction for Sexual Assault, a felony, in Montana's First Judicial District Court. We affirm.

¶3      In 2015, A.Y., at the time two years old, and two of her siblings, were removed from their parents' custody and placed in the protective care of their grandmother, Angel Kramer, and her husband, Scott "Papa" Cook, in Helena, Montana.[1] In November 2016, while Kramer was driving A.Y. to speech therapy, A.Y. made a statement to Kramer that "Papa has a pink penis like Aries,[2] and that he touched [my] butt." A.Y. repeated the statement and then made huffing sounds, consistent with noises made during intercourse. Kramer confronted Cook about the incident and notified law enforcement. Cook went to the Helena Police Department and provided a voluntary statement, recorded as a video interview. Cook told the police that Kramer told him that A.Y had said that he had a "big

_____

[1] Cook did not dispute at any time throughout the case where he, Kramer, or the children lived. No evidence was admitted at trial that he or the victim lived anywhere other than Helena, Montana, during the time the alleged abuse occurred. The District Court determined before trial that circumstantial evidence established Cook's opportunity to commit the abuse due to the times "he was or could have been alone with A.Y."

[2] Aries was the family dog.

2

pink penis and touched her butt with it." Cook denied any wrongdoing but acknowledged that "three year olds don't just say—somebody put a—big large penis on their butt." The Helena Police continued to investigate the case, conducting a search of Cook and Angel's residence in Helena.

¶4 On November 23, 2016, the State filed an Information, charging Cook with Sexual Assault, a felony, in violation of § 45-5-502(1) and (3), MCA. The Information alleged the assault occurred "on or about during the approximate two-year period prior to November 8, 2016 . . . ." On February 8, 2017, the court held a hearing on the State's motion to introduce at trial A.Y.'s hearsay statement. At the hearing, Kramer confirmed to the court that A.Y. made two statements to her in November 2016: the first—that "Papa's got a big penis like Aries. Big, pink penis like Aries." After the first statement, Kramer said there was a short pause, and then A.Y. said "[Papa] has a big pink penis and touches my butt with it," and made huffing noises. The court determined that A.Y.'s statements were admissible under Montana's Child Hearsay statute, § 46-16-220, MCA.

¶5 From August 7 to 11, 2017, a jury trial was held. Cook's attorney informed the jury during opening statements that "the reason we are here, is that Angel Kramer claims that she heard [the victim] say, 'Papa has a pink penis, and he puts it on my butt.'" Cook's video testimony from the police station was also admitted into evidence without objection. After the close of the State's case-in-chief, the defense moved for a directed verdict for insufficient evidence, arguing that the child hearsay statement did not provide any indication that A.Y. was assaulted by Cook. The court denied Cook's motion,

explaining "I think what you're really arguing is credibility with respect to the grandmother, and that issue is right smack dab in the jury's hands."

¶6 During trial, Cook acknowledged that Kramer told him that A.Y. had said "that [he] put [his] pink penis on her butt[.]" Cook admitted that he told the police that three-year-olds do not just make something like that up and did not offer an explanation as to why A.Y. would say something like that. In closing argument, the State made a number of references to the version of A.Y.'s statement as recounted by Cook. Cook's attorney did not object to these statements.[3]

¶7 The jury deliberated for over a day and a half. During deliberations, the jury sent back a number of notes to the court. One note read, "after a long deliberation, and a couple votes, we are at six guilty and six not guilty. I don't see this changing soon." The State responded, "it sounds like they are hung, Judge." The District Court agreed and offered a continuing instruction from the Montana Pattern Jury Instructions to address instances of a hung jury. Cook objected, arguing that by giving the instruction it seemed to suggest to the jury that they needed to think about changing their vote. The court overruled Cook, stating "that's not the Court's intention and I don't think that's the intention of the pattern jury instruction. We have a note that says at the end, 'I don't see this changing soon.' I don't have a note saying this is not going to change."

---

[3] Cook did object to other statements made by the State during closing argument, which are not on appeal here, that such statements were not in evidence. The District Court overruled the objection, explaining that "the jury is reminded that it weighs the evidence and, as I indicated before, statements made by counsel are not evidence."

4

¶8 The District Court thereafter provided the continuing instruction to the jury. This instruction stated in part, "It is the task of the jury to decide the case. You are neutral judges of the facts. It is you and you alone that can decide this cause." The instruction further stated, "This instruction is not meant to coerce or force a verdict. You should take as much time as needed in your deliberations." The jury found Cook guilty of sexual assault of a child. The court sentenced Cook to 60 years in the Montana State Prison with no time suspended. Cook appeals, arguing: (1) the trial court lacked jurisdiction over the case; (2) Cook's right to a fair trial was violated by the State's repeated misstatements of A.Y.'s hearsay statement; (3) Cook's counsel was ineffective for failing to object to these misstatements; and (4) the court improperly coerced the jury by issuing its continuing instruction.

¶9 A trial court's determination as to whether it has jurisdiction is a conclusion of law which we review de novo. *Stanley v. Lemire*, 2006 MT 304, ¶ 52, 334 Mont. 489, 148 P.3d 643. This Court generally does not address issues of prosecutorial misconduct pertaining to a prosecutor's statements if those statements were not objected to at trial. *State v. Ugalde*, 2013 MT 308, ¶ 27, 372 Mont. 234, 311 P.3d 772. However, this Court may discretionarily review such claims on appeal under the plain error doctrine. *Ugalde*, ¶ 27. Claims of ineffective assistance of counsel are mixed questions of law and fact subject to de novo review. *Baca v. State*, 2008 MT 371, ¶ 8, 346 Mont. 474, 197 P.3d 948. We review a district court's jury instructions for an abuse of discretion. *State v. Tellegen*, 2013 MT 337, ¶ 5, 372 Mont. 454, 314 P.3d 902.

5

¶10   Cook argues that the court did not have territorial jurisdiction to hear the case because the trial record contains no evidence indicating where the alleged assault occurred. Jurisdiction concerns the court's authority to adjudicate a proceeding. *City of Helena v. Frankforter*, 2018 MT 193, ¶ 18, 392 Mont. 277, 423 P.3d 581. Article VII, Section 4(1), of the Montana Constitution imparts original jurisdiction on all district courts for all criminal cases amounting to a felony. A person is subject to prosecution in Montana for an offense committed "either wholly or partly within the state[.]" Section 46-2-101(1)(a), MCA. In a criminal proceeding, the prosecution must establish that the trial court has jurisdiction to preside over the trial. *Frankforter*, ¶ 18.

¶11   Here, from the time A.Y. began to live with Cook and Kramer until Kramer reported the alleged abuse, it is undisputed that Cook and the victim lived in Helena. Cook and Kramer's home was subject to a search by the Helena Police Department in connection with the alleged crime. Cook also reported to the Helena Police and provided a voluntary statement. In fact, there is no information in the record suggesting Cook or the victim were anywhere other than Lewis and Clark County, Montana, throughout the time period in which the abuse could have occurred. The District Court had jurisdiction and Lewis and Clark County was the appropriate place for trial.

¶12   Cook also argues that the State committed prosecutorial misconduct amounting to a due process violation by repeatedly misstating the victim's hearsay statement to the jury during closing argument. Cook asserts that the State repeatedly told the jury that A.Y. told Kramer that "Papa has a pink penis and he put it on my butt," when the correct statement, recalled by Kramer during the first day of trial, was "Papa has a pink penis like

6

Aries," and that he touched her butt. Cook further argues that his counsel was ineffective for failing to object to any of the State's misstatements.

¶13 In determining whether statements by the prosecution constitute reversible error, we analyze whether the statement was improper, and if so, whether the improper statement prejudiced the defendant. *State v. Dobrowski*, 2016 MT 261, ¶ 28, 385 Mont. 179, 382 P.3d 490. The prosecution's presentation of false evidence amounts to a due process violation if the criminal defendant can prove: (1) the testimony or evidence in question was actually false, (2) the prosecution knew or should have known that the testimony or evidence was false, and (3) the false testimony or evidence was material. *State v. Wright*, 2011 MT 92, ¶ 28, 360 Mont. 246, 253 P.3d 838.

¶14 The State's rendition of A.Y.'s hearsay statement during closing argument was not prosecutorial misconduct. At the pretrial hearing on child hearsay testimony, Kramer confirmed to the court that A.Y. made a statement to the effect of "Papa has a big pink penis and touches my butt with it." Both the State and the defense referenced this version of Kramer's account during opening statements. Cook's video testimony from the Helena Police Department reflected a statement similar to that referenced by the State in closing argument. And, at trial, Cook admitted that this version was the statement that A.Y. allegedly told Kramer. The State's reference to one version of A.Y.'s statement during closing argument was not a mischaracterization of the evidence, amounting to prosecutorial misconduct. Moreover, Cook had an opportunity to point out the inconsistent recollections of A.Y.'s purported statement during closing argument but did

7

not. Because the statements made by the State during closing argument were not improper, Cook's counsel was not ineffective for failing to object to these statements.

¶15 Finally, Cook argues that the District Court's continuing instruction, and specifically, the single line "you and you alone can decide this cause," was coercive to the jury and violated his right to a fair trial. Criminal defendants have a constitutional right to an uncoerced jury verdict. *State v. Sweet*, 2018 MT 263, ¶ 10, 393 Mont. 202, 429 P.3d 912. "A jury instruction is coercive if it directs the minority of jurors to reconsider their views in light of the majority, instructs the jurors that they have to reach a decision, or pressures the jurors into returning a unanimous verdict." *State v. Santiago*, 2018 MT 13, ¶ 9, 390 Mont. 154, 415 P.3d 972. While undue pressure is not allowed, a court may provide an *Allen*[4] instruction to a deadlocked jury as a reminder that the jury must "consider the facts of the case, deliberate with one another, and attempt to reach a unanimous verdict." *Santiago*, ¶ 10.

¶16 The instruction Cook challenges is virtually identical to the revised instruction from *State v. Norquay*, 2011 MT 34, 359 Mont. 257, 248 P.3d 817, and upheld in *Santiago* and *Sweet*. We have not found, nor do we find now, that the instruction is coercive, contains language instructing minority jurors to reconsider their views in light of the majority, or requires that a jury reach a verdict. *See Norquay*, ¶ 37; *Santiago*, ¶ 17; *Sweet*, ¶ 13. Instead, the *Norquay* instruction encourages jurors to collaborate without resigning their convictions, in compliance with Montana law. *Santiago*, ¶ 17; *Sweet*,

_____

[4] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

8

¶ 13. The continuing instruction administered by the District Court was not coercive, violating Cook's right to a fair trial.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶18 Affirmed.

_____
                Chief Justice

We Concur:

_____

_____

_____
                Justices

Justice Ingrid Gustafson, dissenting.

¶19 I dissent from the majority's conclusion that the instruction challenged by Cook, generally known as the "dynamite instruction," is not coercive but rather encourages jurors to collaborate without resigning their convictions to reach a verdict.

¶20 Despite that the instruction Cook challenges is virtually identical to the revised instruction from *State v. Norquay*, 2011 MT 34, 359 Mont. 257, 248 P.3d 817, and this Court's precedence in subsequently upholding the instruction in *State v. Santiago*, 2018 MT 13, 390 Mont. 154, 415 P.3d 972, I would conclude, in this instance, the instruction was coercive and misstated the jury's obligation. Specifically, I am troubled by the language, "It is you and you alone that can decide this cause." This language implies a misstatement of law—that if this jury does not reach a verdict, no verdict could ever be rendered and retrial is not possible. This statement does not accurately advise that in the event the jury is unable to reach a unanimous verdict, a mistrial would be declared and the matter would be reset for another trial.

¶21 While I believe there are better ways of determining if additional deliberation will make it possible for the jury to reach a verdict, at a minimum, the language, "It is you and you alone that can decide this cause" should be removed from the dynamite instruction as an inaccurate statement of law.

_____
Justice

10