DA 23-0491

FILED

08/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0491

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 177N

CITY OF HELENA,

      Plaintiff and Appellee,

  v.

FRANK HALLBERG,

      Defendant and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC-2023-187
Honorable Mike Menahan, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Frank Hallberg, Self-represented, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Kevin Downs, Lewis and Clark County Attorney, John Hall, Deputy
County Attorney, Helena, Montana


                Submitted on Briefs:  June 19, 2024

                       Decided:  August 13, 2024


Filed:

_____
              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Frank Hallberg (Hallberg) appeals the August 17, 2023 Order on Appeal from the First Judicial Court, Lewis and Clark County, that denied Hallberg's appeal from the Municipal Court and affirmed its judgment. We affirm.

¶3 Hallberg rented an apartment on a monthly basis from Steve Schmitz (Schmitz) in Helena. Schmitz mailed Hallberg a 30-day notice to vacate on June 6 or 8, 2021, but Schmitz gave Hallberg until July 12, 2021 to move out. On July 12, 2021, Schmitz entered the apartment and discovered 20-30 holes in the apartment walls. Schmitz took photos and called police; two officers showed up and took photos.

¶4 On August 6, 2021, the State charged Hallberg with Criminal Mischief Damage to Rental Property under § 45-6-106(1), MCA. On August 30, 2021, the Municipal Court sent the parties a notice of the omnibus hearing scheduled for October 6, 2021. The notice stated "[d]efendant and defense attorney must appear at omnibus hearing. Failure to appear may result in a warrant being issued or the case being set as a judge trial," and "[p]ersonal presence of defendant and counsel (when represented) is required to request a jury trial." Hallberg was present for the hearing, but his defense counsel was not, so the court rescheduled for October 20, 2021. On October 20, 2021, Hallberg's counsel requested a

continuance because Hallberg was being sentenced on an unrelated DUI charge and was to be placed in the WATCh program.[1] The court rescheduled the hearing for March 2, 2022. On March 2, 2022, Hallberg did not appear at the hearing because he was still in the WATCh program, and Hallberg's attorney did not appear either.

¶5 As a result of neither Hallberg nor his attorney appearing at the hearing, the court issued a notice of judge trial for April 15, 2022. Hallberg did not object to the notice. After several additional continuances, and no objections from Hallberg, the bench trial was finally held on December 14, 2022. At the trial, the court heard testimony from Schmitz, Helena Police Officer Jordan Seder, Michael Swanepoel, Zach Zarek, and Hallberg. The court also viewed photographic evidence of the holes in Hallberg's apartment walls. The court found Hallberg guilty of criminal mischief damage to rental property.

¶6 On May 3, 2023, the court held a sentencing and restitution hearing. The court ordered Hallberg to pay $1,226.45 in restitution to Schmitz. Hallberg appealed to the District Court alleging he was denied his right to a jury trial, there was insufficient facts to support the guilty verdict, and the Municipal Court erred in determining the amount of restitution. The District Court affirmed Hallberg's conviction and sentence, reasoning Hallberg waived his right to a jury trial by failing to object when the trial proceeded by bench trial. The District Court also reasoned the restitution amount was proper given

---

[1] Warm Springs Addiction, Treatment, and Change (WATCh) is a program for fourth and subsequent DUI offenders that offers treatment for addiction.

Schmitz's testimony that he lost rent, labor, paint, and the cost of materials to fix the apartment. Hallberg now appeals the District Court's August 17, 2023 Order on Appeal.

¶7 The issues on appeal are whether Hallberg waived his right to a jury trial; whether there was sufficient evidence to support Hallberg's conviction; and whether there was sufficient evidence to support the Municipal Court's award of restitution.

¶8 The district court acts as an intermediate appellate court when reviewing appeals from municipal courts. *City of Helena v. Frankforter*, 2018 MT 193, ¶ 5, 392 Mont. 277, 423 P.3d 581. When reviewing the district court's decision in such an appeal, we apply the appropriate standard of review and review the case as if it was originally appealed in this Court. *Frankforter*, ¶ 5.

¶9 We review de novo whether sufficient evidence supports a conviction in the light most favorable to the prosecution. *State v. Torres*, 2013 MT 101, ¶ 16, 369 Mont. 516, 299 P.3d 804. Sufficient evidence exists to support a conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Bekemans*, 2013 MT 11, ¶ 20, 368 Mont. 235, 293 P.3d 843.

¶10 The appropriate measure of restitution is a question of law that we review for correctness. *State v. Johnson*, 2011 MT 116, ¶ 13, 360 Mont. 443, 254 P.3d 578. When reviewing a lower court's findings of fact as to the amount of restitution, we must determine if those findings are clearly erroneous. *Johnson*, ¶ 13. A finding of fact is clearly erroneous if not supported by substantial evidence, if the district court has misapprehended the effect of evidence, or if a review of the record leaves the Court with the definite and firm

4

conviction that a mistake has been committed. *O'Brien v. O'Brien*, 2022 MT 246, ¶ 13, 411 Mont. 101, 532 P.3d 831.

**Jury Trial**

¶11    Hallberg argues on appeal the Municipal Court violated his right to a jury trial when it conducted a bench (judge) trial. Hallberg claims he instructed his defense attorney that he wanted a jury trial, but his attorney never requested one.

¶12    The Montana Constitution provides the right to a jury trial. Mont. Const. art. II, § 26. It states, "[t]he right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury." Mont. Const. art. II, § 26. Additionally, a party must raise any defense, objection, or request that is capable of determination without trial of the general issue at or before the pre-trial omnibus hearing. Section 46-13-101(1), MCA. "A defendant who does not timely raise an objection that can be determined before trial waives that objection." *State v. Haller*, 2013 MT 199, ¶ 13, 371 Mont. 86, 306 P.3d 338.

¶13    Here, when Hallberg did not appear for the omnibus hearing on March 2, 2022, the Municipal Court issued a notice of bench trial and scheduled the matter for April 15, 2022. Hallberg did not object to the Municipal Court's waiver of jury trial nor its setting a date for a bench trial. Hallberg did not object to a bench trial at any of the subsequent hearings in which the trial date kept getting rescheduled. And finally, Hallberg did not object to a bench trial when the trial commenced on December 14, 2022. Accordingly, we find

5

Hallberg waived his right to a jury trial because he never lodged a timely objection to a bench trial.

### Criminal Mischief Conviction

¶14 Hallberg argues on appeal that there was insufficient evidence to support his conviction. Hallberg claims Schmitz never presented physical evidence of his lease agreement, cost of damages, or rent receipts. As such, Hallberg claims it was wrong for the Municipal Court to rely on Schmitz's testimony alone.

¶15 Under § 45-6-106(1), MCA, "[a] tenant commits the offense of criminal mischief damage to rental property if the tenant purposely or knowingly destroys, defaces, damages, impairs, or removes any part of the premises with a value of at least $1,000 or permits any person to do so." Additionally, the credibility and weight of testimony are within the exclusive province of the factfinder, and conflicting testimony does not render evidence insufficient to support a conviction. *State v. Wood*, 2008 MT 298, ¶ 43, 345 Mont. 487, 191 P.3d 463.

¶16 Here, at the Municipal Court's bench trial, it heard testimony from Schmitz that when he entered the apartment, he observed 20-30 small holes that appeared to be from a hammer. Schmitz testified those holes were not there when Hallberg moved into the apartment, and Hallberg was always the sole tenant in the apartment. Schmitz testified he never observed the holes in the walls prior to that inspection and he had been inside Hallberg's apartment almost every month to collect rent. At the trial, Schmitz also read part of the letter to vacate he sent to Hallberg stating:

6

Dear Frank, upon inspection of the apartment you occupied from February of 2019 until July of 2021, I found numerous items in need of repair and cleaning. . . . There were in excess of 34 half-dollar sized holes in the sheet rock in the living room, the kitchen, the hallway, and the bathroom. You were late with your rent 17 times. While your lease indicates a late fee of $100, I have discounted that amount to $50 per late time. You have unpaid rent from July [1,] 2021 to July 8, 2021. When you moved in, you paid a $750 deposit.

Officer Seder also testified he was dispatched to Hallberg's apartment and met with Schmitz. Officer Seder testified that Schmitz showed him the apartment and he observed 19 or 20 holes in the wall. Officer Seder said the holes appeared to be made by a hammer. Officer Seder's body camera footage and photos of the apartment were both admitted into evidence.

¶17 Hallberg testified, as well as two of his friends who helped him move out of the apartment, Zach Zarek and Michael Swanepoel. According to Hallberg, the only damage to the apartment was damage that he had previously caused that Schmitz was already aware of. Hallberg also testified he was upset about his lease being terminated, and he sent aggressive text messages to Schmitz. Swanepoel and Zarek both testified they did not notice any holes in the walls when they helped Hallberg move out.

¶18 When considering whether the City presented sufficient evidence to convict a defendant of an offense, viewing the evidence in the light most favorable to the prosecution, requires an appellate court to accord the strongest possible weight that a fact finder could ascribe to the evidence to sustain a conviction. *State v. LaMere*, 2003 MT 49, ¶ 21, 314 Mont., 326, 67 P.3d 192. Based on the evidence presented, including the rental agreement between Schmitz and Hallberg, Hallberg being the sole tenant on the lease and

7

inhabiting the apartment, Hallberg's admission of sending angry messages and repeatedly calling Schmitz after receiving the letter to vacate, and evidence of damage to the rental property in excess of $1,000 when Hallberg moved out, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Bekemans*, ¶ 20. It was within the province of the fact finder to resolve the conflicting evidence and judge the credibility of the witnesses. *LaMere*, ¶ 22. It was within the province of the fact finder to accord greater credibility and weight to Schmitz and Officer Seder than to Swanepoel and Zarek. The District Court did not err by affirming the Municipal Court in this regard.

**Restitution**

¶19　When reviewing a lower court's findings of fact as to the amount of restitution, we must determine if those findings are clearly erroneous. *Johnson*, ¶ 13. Schmitz testified the cost of labor to repair the damage was $1,350, and the cost of materials needed for the repairs was $326.45. Neither party submitted additional evidence on repair costs. The Municipal Court ordered restitution as half of July's rent and half of August's rent, amounting to $900, and $326.45 for the cost of materials, for a total of $1,226.45. This amount is not clearly erroneous because it is supported by the direct testimony from Schmitz regarding what it cost him to repair the damage. Accordingly, we find the Municipal Court did not err in determining the amount of restitution to impose against Hallberg.

¶20　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

8

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER